## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

| | | |
|---|---|---|
| TZVIA WEXLER | : | |
| *Plaintiff* | : | NO. |
| | : | |
| v. | : | |
| | : | JURY TRIAL REQUESTED |
| CITY OF PHILADELPHIA, | : | |
| CITY OF PHILADELPHIA | : | |
| POLICE DEPARTMENT, | : | |
| CHARMAINE HAWKINS, JAMES | : | |
| KOENIG, KELLY KEENAN | : | |
| *Defendants* | : | |

## COMPLAINT

Plaintiff Tzvia Wexler makes the following representations to this Court against the named Defendants as follows:

## PARTIES

1. Plaintiff Tzvia Wexler (incorrectly identified in some documents as "Tzvia Shasabani-Wexler") is an adult individual who, at all times relevant hereto, resided at 2401 Pennsylvania Ave., Philadelphia, PA 19130. At the time of this event, Tzvia Wexler (Wexler) was fifty-seven (57) years old and had never been arrested for or convicted of a crime. She is a mother of three adult children and the head of an international non-profit where she works full time.

2. Defendant City of Philadelphia (the City) is a governmental entity which is organized and exists under the laws of the Commonwealth of Pennsylvania, having its principal office located at 1400 JFK Boulevard, Philadelphia, PA 19107. As part of its operations, the City established, maintains, and oversees a Police Department known as the City of Philadelphia Police Department.

3. Defendant City of Philadelphia Police Department (Police Department) has its principal office located at 750 Race Street, Philadelphia, PA 19106. The Police Department is organized, established, and authorized by the laws of Commonwealth of Pennsylvania. Its police officers have jurisdiction in and around the City of Philadelphia in the County of Philadelphia, PA.

4. Defendant Charmaine Hawkins (Hawkins), at all times relevant hereto, is an individual who was employed as a police officer by the Police Department. This action is brought against the named individual in her individual and in her official capacity as a police officer of the Police Department. Hawkins, at the time the matters complained of herein occurred was responsible for making sure all of her interactions with civilians were recorded as mandated by police policies and procedures. She was charged with using force only as allowed by police policies and procedures and the Constitutions of the United States and State of Pennsylvania.

5. Defendant James Koenig (Koenig), at all times relevant hereto, is an individual who was employed as a police officer by the Police Department. This action is brought against the named individual in his individual and in his official capacity as a police officer of the Police Department. In his capacity as such an officer, he was charged

with knowing and understanding the Pennsylvania Criminal Code so that she could make proper decisions on whether to detain and/or arrest citizens for offenses including but not limited to Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, Possession of an Instrument Crime with Intent, and Harassment. Additionally, as the assigned investigator on a given matter, he was charged with knowing how to conduct a proper investigation to make sure innocent people are not detained or charged for crimes for which there is no evidence and/or probable cause.

6.   Defendant Kelly Keenan (Keenan) at all times relevant hereto, is an individual who was employed as a police officer by the Police Department. This action is brought against the named individual in her individual and in her official capacity as a police officer of the Police Department. In her capacity as such an officer, she was charged with knowing and understanding the Pennsylvania Criminal Code so that he or she could make proper decisions on whether to detain and/or arrest citizens for offenses including but not limited to Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, Possession of an Instrument Crime with Intent, and Harassment. Additionally, as the assigned investigator on a given matter, he/she was charged with knowing how to conduct a proper investigation to make sure innocent people are not detained or charged for crimes for which there is no credible evidence and/or probable cause.

## JURISDICTION

7. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

8. This cause of action arises under the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this court under the provisions of Title 28 of the United States Code, Sections 1331, 1334 and 1367(a). Allegations of excessive force are examined under the First Amendment's free speech protections, Fourth Amendment's prohibition on unreasonable seizures applicable to the States and individual acting in their official and individual capacity by the Fourteenth Amendment of the United States Constitution.

9. It is also submitted that the pendant jurisdiction of this Court is invoked over all state court claims in view of the common nucleus of operative facts as to all claims.

## FACTS COMMON TO ALL COUNTS

10. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

11. On or about June 8, 2019, at approximately 12:15 P.M., it is alleged that Officer Hawkins assaulted, detained and arrested/caused to be arrested Tzvia Wexler.

12. On that date, Ms. Wexler was on her way home from Synagogue. There was a parade going west to east on Market Street in Philadelphia.

13. As Ms. Wexler was walking westbound on Market Street, she was told by an officer to turn around and go east and wait at the light to cross. She did as she was told, turned around, and went east toward the traffic light.

14. On her way back to the intersection she had just passed, she was told by Defendant Hawkins that she could not walk east on Market Street. Ms. Wexler tried to explain what the other officer had ordered her to do and that she was just doing what she was told.

15. Defendant Hawkins shouted, struck Ms. Wexler's face and head knocking her earphone out of her ear. Ms. Wexler asked why Defendant Hawkins was assaulting her.

16. Defendant Hawkins became further enraged and grabbed Ms. Wexler by the neck, squeezing her hands/fingers into Ms. Wexler's neck. Defendant Hawkins was pushing Ms. Wexler as she was yelling at her. Defendant Hawkins struck Ms. Wexler on her body, made inappropriate and unauthorized contact with Ms. Wexler's person, repeatedly shoved Ms. Wexler, and caused injury to Ms. Wexler.

17. Before the decision to arrest Ms. Wexler, Ms. Wexler communicated her desire to file a complaint against the officer and wanted her name and badge number.

18. Knowing a civilian had just been illegally assaulted, Defendant Hawkins, Koenig and Keenan coordinated and executed the false arrest of Ms. Wexler.

19. In front of countless people, Ms. Wexler was handcuffed, put in a police wagon/van and then processed and jailed as if a criminal.

20. Defendant Hawkins, in conjunction with Defendant James Koenig, Defendant Kelly Keenan, and others, made up a false version of events that the body-cam footage and other evidence proves is false.

21. Despite the existence of body-cam footage, Officers Koenig and Keenan either never watched and/or never attempted to watch the body-cam footage and/or ignored the body-cam footage. They charged and/or caused Ms. Wexler to be charged with a felony.

22. Ms. Wexler was forced to hire an attorney and incur expenses as a result of the arrest. She was caused to lose her freedom for a number of hours before she was eventually released. She was injured, humiliated, embarrassed, and cast in a false light when handcuffed, put in a police wagon in front of countless parade onlookers, in a holding cell, and in the Criminal Justice Center.

23. Ms. Wexler was fingerprinted, photographed, and put in a cell. None of the hundreds of eyewitnesses to Ms. Wexler's alleged crimes were identified by Police or interviewed by Police.

24. The Defendants prepared official paperwork that was/is false. Their paperwork that said Defendant Hawkins was not wearing a body-cam when, in fact, Defendant Hawkins was wearing a body-cam.

25. Ms. Wexler was forced to go to the Criminal Justice Center as criminal defendant. She was forced to sit in criminal defendant's chair in front of a packed courtroom. And she was forced to listen to Defendant Hawkins lie under oath.

26. After the Preliminary Hearing, where only Defendant Hawkins testified, the Philadelphia District Attorney's Office withdrew all charges and dropped the criminal case against Ms. Wexler.

27. The City of Philadelphia is a governmental entity organized and existing under the laws of the Commonwealth of Pennsylvania. The City established a Police department to oversee the security and protection of Philadelphia, its residents and its visitors. The Police are empowered to discharge their police duties and authority by the laws of the Commonwealth being commissioned by the Governor of the Commonwealth. The City and Police Department are responsible for setting policy, procedures and directives for the operation of its Police and to ensure that policies, procedures and directives established are enforced for the exercise of their police duties; and, are responsible for the development and implementation of policies and procedures concerning the selection, evaluation, training and supervision of individuals employed as Police Officers by the City.

28. Defendant Hawkins is an officer of the City of Philadelphia Police Department in Philadelphia. In such capacity, Defendant Hawkins is charged with the enforcement of the laws of the Commonwealth of  Pennsylvania in a fair, just and equitable manner consistent with the rights afforded all individuals by the Constitutions of the United States of America and the Commonwealth of

Pennsylvania; and, were acting, at all times relevant hereto, under color of law and color of their authority as police officers of the City of Philadelphia Police Department in the City of Philadelphia.

29. The City should have had established or enforced policies, procedures, and/or guidelines concerning the nature of the conduct and interaction of any Police Officer with any individual in the discharge of that Officer's duties; and, in particular, in the manner in which incidents are investigated, when individuals are to be taken into custody and arrested, and when, under what circumstances, and in what manner an officer is permitted to use force against an individual. Additionally, policies, procedures, and/or guidelines exist or should have existed concerning the review and supervision of the actions of individual officers to ensure that they were conforming to established Police Department policies, procedures, and/or guidelines, including whether they were discharging their duties in an appropriate and lawful manner consistent with policies and procedures. Additionally, the City and the Police Department had responsibility for ensuring that officers follow policies and procedures regarding recording equipment designed to record officers' interactions with individuals. The City, the Police Department, and Hawkins had responsibility for ensuring that all equipment was maintained, repaired, and functioning properly.

30. The Police Department should have had established or enforced policies, procedures, and/or guidelines concerning the nature of the conduct and interaction of any Police Officer with any individual in the discharge of that Officer's duties; and, in particular, in the manner in which incidents are investigated, when individuals

are to be taken into custody and arrested, and when, under what circumstances, and in what manner an officer is permitted to use force against an individual. Additionally, policies, procedures, and/or guidelines exist or should have existed concerning the review and supervision of the actions of individual officers to ensure that they were conforming to established Police Department policies, procedures, and/or guidelines, including whether they were discharging their duties in an appropriate and lawful manner consistent with policies and procedures. Additionally, the City and the Police Department had responsibility for ensuring that officers follow policies and procedures regarding recording equipment designed to record officers' interactions with civilians. The City, the Police Department, Defendant Keenan, Defendant Koenig, and Defendant Hawkins had responsibility for ensuring that all equipment was maintained, repaired, and functioning properly.

31. At all times relevant hereto, one of the purposes of having officers wear and properly use body-cams paid for by taxpayers was/is to deter police misconduct, including the misconduct alleged in this Complaint. If the body-cams are not worn, properly used, and made part of investigations, they are not effective at deterring police misconduct.

32. Defendants Hawkins, Koenig and Keenan prepared paperwork and otherwise acted to arrest, detain, and otherwise deprive Plaintiff of her liberty and constitutional rights, alleging baseless claims and unsubstantiated crimes against Plaintiff.

33. Defendants Koenig and Keenan knew or reasonably should have known that the claims of Defendant Hawkins were false and/or they failed to do their own investigation into probable cause which would have quickly shown that the false allegations of Defendant Hawkins were, in fact, false.

34. Defendants Koenig and Keenan knew or reasonably should have known that the actions they took by arresting Ms. Wexler, when there were inconsistent statements made by Defendant Hawkins and other inconsistent evidence, did not meet any element of any crime and would violate the constitutional rights of the Plaintiff.

35. Defendants Hawkins, Koenig, and Keenan, by arresting Plaintiff when there was no probable cause, acted with malicious intent to cause the Plaintiff to be illegally detained, arrested, charged and deprived of her liberty.

36. Defendants Hawkins, Koenig, and Keenan initiated criminal proceedings against Plaintiff by signing statements, affirming affidavits of probable cause and/or other police paperwork, and submitting false information to other authorities.

37. The criminal case against Plaintiff resulted in a judgment by the District Attorney's Office in Plaintiff's favor; there was no probable cause for any of the charges; the Defendants acted with malice and a purpose other than to bring Plaintiff to justice – in fact, they acted to avoid police accountability - and, as a result, the Plaintiff suffered injury, deprivation of liberty, and other damages.

38. Defendants Hawkins, Koenig, and Keenan initiated criminal proceedings against Plaintiff in bad faith, with malice, and without probable cause.

39. Defendants Hawkins, Koenig, and Keenan acted maliciously and in retaliation for Plaintiff saying that she was just following directions and wanting Defendant Hawkins' name and badge number. Defendants had no purpose other than to falsely detain, arrest, and charge Ms. Wexler.

40. After the Preliminary Hearing, the District Attorney's Office, in Courtroom 905 of the Criminal Justice Center, after a careful review of all the evidence, withdrew all charges with prejudice and dropped the criminal case against Plaintiff.

41. As a direct and proximate result of the actions of the Defendants, Ms. Wexler suffered a deprivation of liberty by being held for many hours, the expense of bail, and the restriction imposed by bail, such as no travelling.

42. As a direct and proximate result of the actions of the Defendants, Tzvia Wexler has sustained physical injuries, emotional and psychological difficulties; she sustained a loss of earnings and her earning power may have been permanently impaired; she sustained other injuries, losses, and damages. She has experienced grief, anxiety, sleeplessness, nervousness, and depression. She has incurred and may hereafter incur expenditures for medical care, drugs, and kindred expenditures.

43. Defendant Hawkins' assault on Ms. Wexler falls under the category of non-lethal force, which may not be used without sufficient reason.

44. Based on the totality of the circumstances, the force used on Tzvia Wexler, there was no sufficient reason. Defendant Hawkins was not appropriate or reasonable and her actions constituted excessive use of force against Ms. Wexler in violation of

the rights and immunities guaranteed to Tzvia Wexler by State law, the Fourth and Fourteenth Amendments of the United States Constitution.

45. The actions of Defendant Hawkins were not appropriate or reasonable in nature and constituted an excessive use of force against Tzvia Wexler in violation of the rights and immunities guaranteed to her by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

46. Defendant City of Philadelphia failed to have established and/or enforced established policies, procedures and/or guidelines concerning the nature of the conduct and interaction of any Police Officer has with any individual in the discharge of their duties; and, in particular, in the manner in which incidents are investigated; when individuals are to be taken into custody and or arrested; and, when; under what circumstances; in what manner on officer is permitted to use force against an individual; and in ensuring that contacts with civilians are recorded by the recording equipment purchased by the taxpayers. Additionally, it failed to enforce policies, procedure and/or guidelines which existed or should have existed concerning the review and supervision of the actions of individual officers to ensure that they were conforming to established Police Department policies, procedures and/or guidelines and were discharging their duties in an appropriate and lawful manner.

47. The errors, omissions and failures of the City were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Tzvia Wexler in violation of the rights and immunities guaranteed to her by the

Fourteenth, First and Fourth Amendments of the United States Constitution to have occurred.

48. The City of Philadelphia Police Department failed to have established and/or enforced established policies, procedures and/or guidelines concerning the nature of the conduct and interaction of any Police Officer has with any individual in the discharge of their duties; and, in particular, in the manner in which incidents are investigated; when individuals are to be taken into custody and or arrested; and, when; under what circumstances; in what manner on officer is permitted to use force against an individual; and in ensuring that contacts with civilians are recorded by the recording equipment purchased by the taxpayers. Additionally, it failed to enforce policies, procedure and/or guidelines which existed or should have existed concerning the review and supervision of the actions of individual officers to ensure that they were conforming to established Police Department policies, procedures and/or guidelines and were discharging their duties in an appropriate and lawful manner.

49. The errors, omissions and failures of the Police Department were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Tzvia Wexler in violation of the rights and immunities guaranteed to her by the Fourteenth, First, and Fourth Amendments of the United States Constitution to have occurred.

50. The errors, omissions and failures of Hawkins, Koenig, and Keenan were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Tzvia Wexler in violation of the rights and immunities

guaranteed to her by the Fourteenth, First, and Fourth Amendments of the United States Constitution to have occurred.

51. Defendants Hawkins, Koenig, and Keenan initiated criminal proceedings against Ms. Wexler by retaliating against her for using her First Amendment rights.

52. As a result, Defendant Hawkins, Koenig, and Keenan began telling untruths and/or repeating false information and/or making up information with the purpose of having Ms. Wexler arrested and deprived of her liberty, despite knowing Ms. Wexler committed no crimes, resulting in a Preliminary Hearing, after which the Philadelphia District Attorney's Office Nolle Pros'd/dropped all charges – with prejudice.

53. Due to the untrue statements and paperwork of Defendants Hawkins, Koenig, and Keenan, Defendants all played a role in the protracted detention of Ms. Wexler and the injuries she suffered.

54. At all times relevant hereto, the Defendants were acting under color of state law.

55. At all times relevant hereto, the Defendants were acting directly or through their agents, servants and employees.

56. The errors, omissions and failures of the City and Police Department were the direct or proximate cause that allowed the actions alleged herein and violations alleged below to have occurred, including the inappropriate and/or unreasonable use of excessive force against Tzvia Wexler in violation of the rights and immunities

guaranteed to her by the Fourteenth, First and Fourth Amendments of the United States Constitution and State law.

57. The errors, omissions and failures of the City and Police Department were the direct or proximate cause that allowed the actions alleged herein and violations alleged below to have occurred, including the trumped-up criminal charges, false arrest, false imprisonment, and other violations of the rights and immunities guaranteed to her by the Fourteenth, First and Fourth Amendments of the United States Constitution and State law.

## FIRST CAUSE OF ACTION
## VIOLATION OF TZVIA WEXLER'S FOURTH AMENDMENT RIGHTS
## (ALL DEFENDANTS)

58. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

59. Defendants' actions, errors, and omissions, as more fully described in the factual section of the within complaint, constituted violations of Tzvia Wexler's rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution. Said rights, privileges and immunities include the right to body integrity; the right to be free from the use of excessive force; the right to be free from unreasonable seizures and searches.

60. The acts of the Defendants were done with the purpose and intent of depriving Tzvia Wexler of her rights secured to her by the Fourth and Fourteenth Amendments to the United States Constitution.

61. The acts of the Defendants, as set forth in this complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Tzvia Wexler by the Fourth and Fourteenth Amendments to the United States Constitution, and this suit is being brought pursuant to 42 U.S.C., Section 1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
b. punitive damages;
c. prejudgment and post-judgment interest;
d. the costs incurred in the prosecution of this matter;
e. reasonable counsel fees;
f. such other and further relief as the Court deems just and appropriate.

## SECOND CAUSE OF ACTION
## VIOLATION OF TZVIA WEXLER'S FIRST AMENDMENT RIGHTS
## (ALL DEFENDANTS)

62. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

63. The detention, arrest, unnecessary and extended restraint, incarceration, and search of the Plaintiff by the Defendants on the basis of the alleged non-criminal, nonthreatening, non-suspicious words of the Plaintiff, as described in preceding paragraphs, infringed Plaintiff's freedom of speech and constituted unconstitutional retaliation in violation of clearly established rights guaranteed by the First and Fourteenth Amendments to the United States Constitution. The acts of the

Defendants were done with the purpose and intent of depriving Tzvia Wexler of her rights secured to her by the First and Fourteenth Amendments to the United States Constitution.

64. The acts of the Defendants, as set forth in this complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Tzvia Wexler by the First and Fourteenth Amendments to the United States Constitution and this suit is being brought pursuant to 42 U.S.C., Section 1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

    a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
    b. punitive damages;
    c. prejudgment and post-judgment interest;
    d. the costs incurred in the prosecution of this matter;
    e. reasonable counsel fees;
    f. such other and further relief as the Court deems just and appropriate.

## THIRD CAUSE OF ACTION
## VIOLATION OF TZVIA WEXLER'S FOURTEENTH AMENDMENT RIGHTS
## (ALL DEFENDANTS)

65. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

66. Defendants' actions errors and omissions, as more fully described in the factual section of the within complaint, constituted violations of Tzvia Wexler's rights, privileges and immunities, as secured by the Fourteenth Amendment to the United

States Constitution. Said rights, privileges and immunities include the right to due process and equal protection of the law which encompasses her right to body integrity; the right to be free from the use of excessive force; and the right to be free from unreasonable seizures and searches.

67. The acts of the Defendants were done with the purpose and intent of depriving Tzvia Wexler of her rights secured to her by the Fourteenth Amendment to the United States Constitution.

68. The acts of the Defendants, as set forth in this complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Tzvia Wexler by the Fourteenth Amendment to the United States Constitution and this suit is being brought pursuant to 42 U.S.C., Section 1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
b. punitive damages;
c. prejudgment and post-judgment interest;
d. the costs incurred in the prosecution of this matter;
e. reasonable counsel fees;
f. such other and further relief as the Court deems just and appropriate.

# FOURTH CAUSE OF ACTION
# FAILURE TO TRAIN, ENACT, AND IMPLEMENT POLICIES AND PROCEDURES AND TO SURPERVISE PROPERLY

**TVZIA WEXLER**

**v.**

**CITY OF PHILADELPHIA, CITY OF PHILADELPHIA POLICE DEPARTMENT**

69. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

70. The Defendants failed to adequately train, supervise and/or discipline its employees or agents in the performance of their duties and/or undertook actions which were improper or illegal and demonstrated indifference to the constitutional rights of individuals, such as Tzvia Wexler.

71. The Defendants had policies and/or customs in place and/or failed to insure that policies, procedures and protocols which existed were properly enforced and personnel supervised in the performance of their duties that enabled their employees, servants or agents to act with deliberate indifference to the constitutional rights of individuals, such as Tzvia Wexler.

72. The Defendants failed to develop and implement policies procedures and protocols that then enabled their employees and agents to act with deliberate indifference to the constitutional rights of individuals, such as Tzvia Wexler.

73. Defendants' actions errors and omissions, as more fully described in the factual section of the within complaint, constituted violations of Tzvia Wexler's right, privileges and immunities, as secured by the First, Fourth and Fourteenth Amendments to the United States Constitution. Said rights, privileges and

immunities include the right to body integrity; the right to be free from the use of excessive force; the right to be free from unreasonable seizures and searches; and the right to freedom of speech/expression.

74. The acts of the Defendants were done with the purpose and intent of depriving Tzvia Wexler of her rights secured to her by the Fourth and Fourteenth Amendments to the United States Constitution and this suit is being brought pursuant to 42 U.S.C., Section 1983.

75. The acts of the Defendants, as set forth in this complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Tzvia Wexler by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

  a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
  b. punitive damages;
  c. prejudgment and post-judgment interest;
  d. the costs incurred in the prosecution of this matter;
  e. reasonable counsel fees;
  f. such other and further relief as the Court deems just and appropriate.

## FIFTH CAUSE OF ACTION
## ASSAULT & BATTERY
## TZVIA WEXLER v. CHARMAINE HAWKINS

76. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

77. The Defendant assaulted Tzvia Wexler without just or reasonable cause constituting an unlawful assault and battery upon the person Ms. Wexler.

78. As a result of Defendant's assault and battery, Plaintiff, sustained shock and injury to her nerves and nervous system; she was bruised and battered in and about his person; she has been subjected to and may hereafter be subject to great pain, suffering, embarrassment and inconvenience; he suffered a multiple facial, head, and hand injuries; she has suffered emotional and psychological trauma; she was required to undergo and in the future may be required to undergo painful diagnostic tests, treatment and extensive therapy for her injuries; she may have sustained an aggravation of pre-existing injuries or conditions; she sustained a loss of earnings and her earning power may have been permanently impaired; she sustained other injuries, losses and damages. She has experienced grief, anxiety, depression and nervousness. All of the foregoing may be of a permanent and continuing nature and character. She has incurred and may hereafter incur expenditures for medical care, psychological care and treatment; counseling; nursing; drugs and kindred expenditures. This suit is also being brought pursuant to 42 U.S.C., Section 1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

a.  compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
b.  punitive damages;
c.  prejudgment and post-judgment interest;
d.  the costs incurred in the prosecution of this matter;
e.  reasonable counsel fees;
f.  such other and further relief as the Court deems just and appropriate.

## SIXTH CAUSE OF ACTION
## FALSE ARREST
## TZVIA WEXLER v. CHARMAINE HAWKINS, JAMES KOENIG, AND
## KELLY KEENAN

79. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

80. Plaintiff's detention and arrest without probable cause or any other lawful grounds constitute the tort of false arrest under the laws of the Commonwealth of Pennsylvania. This suit is also being brought pursuant to 42 U.S.C. §1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

      a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
      b. punitive damages;
      c. prejudgment and post-judgment interest;
      d. the costs incurred in the prosecution of this matter;
      e. reasonable counsel fees;
      f. such other and further relief as the Court deems just and appropriate.

## SEVENTH CAUSE OF ACTION
## FALSE IMPRISONMENT
## TZVIA WEXLER v. CHARMAINE HAWKINS, JAMES KOENIG, AND
## KELLY KEENAN

80. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

81. Plaintiff's detention and imprisonment without probable cause or any other lawful grounds constitute the tort of false imprisonment under the laws of the Commonwealth of Pennsylvania. This suit is also being brought pursuant to 42 U.S.C. §1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

      a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
      b. punitive damages;
      c. prejudgment and post-judgment interest;
      d. the costs incurred in the prosecution of this matter;
      e. reasonable counsel fees;
      f. such other and further relief as the Court deems just and appropriate.

## EIGHTH CAUSE OF ACTION
## FALSE LIGHT
## TZVIA WEXLER v. CHARMAINE HAWKINS, JAMES KOENIG, AND KELLY KEENAN

82. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

83. Plaintiff was physically assaulted, detained, abusively touched, handcuffed, transported, arrested, and forced to walk to a police vehicle in plain view of numerous members of the public, as described in the factual section of the within complaint.

84. Having committed no crime, Plaintiff held in a jail cell with other prisoner(s) and was also forced to appear in Criminal Court and sit at the Defendant's table in front of numerous members of the public in a crowded courtroom in the Philadelphia Criminal Justice Center as an accused criminal.

85. These actions constitute the tort of false light under the laws of the Commonwealth of Pennsylvania. This suit is also being brought pursuant to 42 U.S.C. §1983.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
b. punitive damages;
c. prejudgment and post-judgment interest;
d. the costs incurred in the prosecution of this matter;
e. reasonable counsel fees;
f. such other and further relief as the Court deems just and appropriate.

## NINTH CAUSE OF ACTION
### Pennsylvania State Malicious Prosecution and § 1983 Malicious Prosecution
### TZVIA WEXLER v. CHARMAINE HAWKINS, JAMES KOENIG, AND KELLY KEENAN

86. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

87. Plaintiff's detention, imprisonment, arrest and criminal prosecution without probable cause or any other lawful grounds constituted the tort of malicious prosecution under the laws of the Commonwealth of Pennsylvania and 42 U.S.C., Section 1983.

88. Defendants Hawkins, Koenig, and Keenan presented false evidence against Ms. Wexler in police reports and/or other documents and at the preliminary hearing. They did so with malice. Defendant Hawkins, Koenig, and Keeenan knew that a successful criminal prosecution of Ms. Wexler would result in a felony conviction and would hamper Ms. Wexler's ability to prevail on the claims she is now raising. In other words, they engaged in a self-serving cover-up after the excessive force to avoid accountability for assaulting Ms. Wexler.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

    a. compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
    b. punitive damages;
    c. prejudgment and post-judgment interest;
    d. the costs incurred in the prosecution of this matter;
    e. reasonable counsel fees;
    f. such other and further relief as the Court deems just and appropriate.

## TENTH CAUSE OF ACTION

### Pennsylvania State Retaliatory Prosecution and

### § 1983 Retaliatory Prosecution

89. Tzvia Wexler alleges and incorporates by reference thereto the averments set forth in all preceding paragraphs of the within Complaint as if more fully set forth herein.

90. Plaintiff's detention, imprisonment, arrest and criminal prosecution without probable cause or any other lawful grounds constituted the tort of retaliatory prosecution under the laws of the Commonwealth of Pennsylvania and 42 U.S.C., Section 1983.

91. Defendant Hawkins, Koenig, and Keenan brought and/or caused to be brought criminal charges against Plaintiff. Defendants Hawkins, Koenig, and Keenan presented false evidence against Ms. Wexler in police reports and/or other documents and at the preliminary hearing. Defendant Hawkins, Koenig, and Keeenan knew that a successful criminal prosecution of Ms. Wexler would result in a felony conviction and would hamper Ms. Wexler's ability to prevail on the claims she is now raising. In other words, they engaged in a self-serving cover-up after the excessive force to avoid accountability for assaulting Ms. Wexler. They did so with malice.

WHEREFORE, Tzvia Wexler asks for entrance of judgment against the Defendants as follows:

      a.  compensatory damages in an amount to be determined by this Court to be just, fair, and reasonable;
      b.  punitive damages;
      c.  prejudgment and post-judgment interest;
      d.  the costs incurred in the prosecution of this matter;
      e.  reasonable counsel fees;
      f.  such other and further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully submitted:

THE MALONE FIRM


/s/ Thomas Malone
Thomas Malone, Esquire
PA ID No. 77291
1650 Arch Street, Ste. 2501
Philadelphia, PA 19103
Tel:    (215) 987-5200
Fax:    (267) 319-1233