IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER,<br>          Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA, et al.,<br>          Defendants. | Civil Action<br>No. 19-5760 |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of the Defendant the City of Philadelphia's Motion to Dismiss, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all claims against the City of Philadelphia are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TZVIA WEXLER, | : | |
|     Plaintiff, | : | |
|  | : | Civil Action |
|   v. | : | No. 19-5760 |
|  | : | |
| CITY OF PHILADELPHIA, et al., | : | |
|     Defendants. | : | |
|  | : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

  Defendant, the City of Philadelphia ("City"), hereby files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against it in Plaintiff's Complaint, with prejudice.


Date: January 10, 2019             Respectfully submitted,

                       */s/ Shannon Zabel*
                       Shannon Zabel
                       Assistant City Solicitor
                       Pa. Attorney ID No. 321222
                       City of Philadelphia Law Department
                       1515 Arch Street, 14th Floor
                       Philadelphia, PA 19102
                       215-683-5114
                       shannon.zabel@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, | |
|               Plaintiff, | |
| v. | Civil Action No. 19-5760 |
| CITY OF PHILADELPHIA, et al., | |
|               Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Tzvia Wexler has disregarded established Third Circuit case law by suing the City of Philadelphia ("City") under 42. U.S.C. § 1983 without making sufficient factual allegations regarding a municipal policy or custom that was the moving force behind the constitutional violations alleged. Accordingly, the Court should dismiss Plaintiff's claim against the City of Philadelphia with prejudice.[1]

### I.  STATEMENT OF ALLEGED FACTS

In her Complaint, Plaintiff Tzvia Wexler alleges that she was assaulted and falsely arrested on June 8, 2019. ECF Doc. 1, Complaint ("Cmplt."). Plaintiff alleges that she was walking westbound on Market Street, while a parade was also moving west on Market Street. *Id.* at ¶¶ 12-

---

[1] Plaintiff's Complaint also refers to a Defendant "City of Philadelphia Police Department." The Philadelphia Police Department does not have an independent corporate existence from the City of Philadelphia, and accordingly, any claims against it are properly brought in the name of the City. *See* 53 Stat. § 16257; *Regalbuto v. City of Philadelphia*, 937 F. Supp. 347, 377 (E.D. Pa. 1995) (dismissing claims against Philadelphia police and fire departments); *Griffith v. Philadelphia Prison Systems*, 2001 U.S. Dist. LEXIS 11511, at *2 n.1 (May 18, 2001, E.D. Pa.) (dismissing Philadelphia Prison System as a defendant). As the City of Philadelphia is named as a Defendant in other parts of Plaintiff's Complaint, the "City of Philadelphia Police Department" should be dismissed from this case with prejudice.

13. Plaintiff claims that a police officer told her to turn around, go east and wait at the light to cross. *Id.* at ¶ 13. The Complaint goes on to allege that "on her way back to the intersection she had just passed, she was told by Defendant Hawkins that she could not walk east on Market Street." *Id.* at ¶ 14. Plaintiff allegedly tried to explain to Officer Hawkins what the other officer had told her, and Officer Hawkins responded by shouting, striking her in the face and head and knocking an earphone out of her ear. *Id.* at ¶¶ 14-15.

The Complaint further states that Officer Hawkins "became further enraged" and grabbed Plaintiff "by the neck, squeezing her hands/fingers into [Plaintiff's] neck," in addition to pushing, yelling and striking Plaintiff. *Id.* at ¶ 16. Plaintiff alleges that "before a decision to arrest" was made, she communicated her desire to file a complaint against Officer Hawkins. *Id.* at ¶ 17. Then, Plaintiff claims that Officer Hawkins, Officer Kelly Keenan and Detective James Koenig "coordinated and executed the false arrest" of Plaintiff. *Id.* at ¶ 18. Plaintiff goes on to aver that all Defendants "made up a false version of events that body-cam footage and other evidence proves is false." *Id.* at ¶ 20. Plaintiff claims that Officer Hawkins testified at the preliminary hearing, and that sometime after the preliminary hearing, the District Attorney withdrew all charges against her. *Id.* at ¶¶ 25-26.

The Complaint goes on to allege that the City is responsible for the "development and implementation of policies and procedures concerning the selection, evaluation, training and supervision of individuals" it employs as police officers. Cmplt. at ¶ 27. It states that the City "should have established or enforced policies . . . concerning the nature of the conduct and interaction of any Police Officer with any individual in the discharge of that Officer's duties; and in particular, in the manner in which incidents are investigated, when individuals are to be taken into custody and arrested, and when, under what circumstances, and in what manner an officer is

permitted to use force against an individual." *Id.* at ¶ 29. Plaintiff further avers that the City "failed to have established and/or enforced policies, procedures and/or guidelines" concerning the above. *Id.* at ¶ 46.

Plaintiff brings ten claims against Defendants[2]: a violation of her Fourth Amendment rights against all Defendants (Count I); a violation of her First Amendment rights against all Defendants (Count II); a violation of her Fourteenth Amendment rights against all Defendants (Count III); a claim for a failure to train, enact and implement policies and procedures and supervise properly against the City and the Philadelphia Police Department (Count IV); assault and battery against Officer Hawkins (Count V); false arrest under state law against Officer Hawkins, Officer Keenan and Detective Koenig (Count VI); false imprisonment under state law against Officer Hawkins, Officer Keenan and Detective Koenig (Count VII); false light under state law against Officer Hawkins, Officer Keenan and Detective Koenig (Count VIII); malicious prosecution under state and federal law against Officer Hawkins, Officer Keenan and Detective Koenig (Count IX); and retaliatory prosecution under state and federal law against Officer Hawkins, Officer Keenan and

---

[2] Plaintiff has sued the individual Defendants in their individual and official capacities. Cmplt. at ¶¶ 4-6. Official capacities suits are simply another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, an official capacity suit should be treated as a suit against the government entity itself. *Id.* at 166. As the City is already a party to this action, this motion seeks to dismiss Plaintiff's official capacity suits against the individual Defendants with prejudice.

Detective Koenig (Count X). The City now moves to dismiss the claims asserted against – Counts I-IV.

## II. STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (citations and quotations omitted).

## III. LEGAL ARGUMENT

### A. Plaintiff's Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the City Under 42 U.S.C. § 1983.

Plaintiff fails to allege a cognizable claim of municipal liability against the City under § 1983. A plaintiff cannot recover against the City of Philadelphia under a *respondeat superior* theory of liability. In order to prevail against the City of Philadelphia, Plaintiff must prove that (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or

custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

*Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Proof of a single incident or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Instead, plaintiff must prove that the municipality's alleged unconstitutional practices are "so widespread as to have the force of law." *Monell*, 436 U.S. at 694; *Board of County Commrs. Of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

Here, Plaintiff fails to adequately plead a municipal liability claim under § 1983 for multiple reasons. First, Plaintiff's Complaint simply parrots the standard for liability, with no supporting factual allegations of a municipal policy or custom. Second, Plaintiff fails to allege prior instances of misconduct to support her failure-to-train based *Monell* claim.

### 1. Plaintiff's *Monell* Claims Fails Because She Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss Plaintiff's *Monell* claim against the City because Plaintiff fails to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*. Plaintiff simply parrots the legal standard for municipal liability without pleading any actual facts that support her claim. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim. *See id.* at 102.

7

The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on similar conclusory allegations that the Third Circuit rejected in *Wood*. *Compare* Cmplt. at ¶¶ 29, 30, 46, 48, 69-75 (setting forth *Monell* allegations), *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting similar *Monell* allegations). Plaintiff repeats the same general allegations multiple times throughout the complaint. *See* Cmplt. at ¶¶ 29-30, 46, 48. Plaintiff's allegations include conclusory averments that the City failed to implement policies, train or supervise its employees with regards to the "the constitutional rights of individuals." *Id.* at ¶¶ 70-72. Plaintiff provides no factual allegations to support these statements.

Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. *See* Cmplt. at ¶¶ 29, 30, 46, 48, 69-75. Accordingly, the Court should dismiss Plaintiff's § 1983 claim against the City. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal

standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

### 2. Plaintiff's Failure-to-Train Claim Fails Because Plaintiff Does Not Allege Prior Instances of Misconduct.

Additionally, Plaintiff fails to state a failure-to-train claim because the Complaint does not identify prior instances of misconduct caused by allegedly inadequate training. Although the failure of a municipality to train its employees may support a *Monell* claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). For "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

Here, Plaintiff fails to plead any facts that would suggest a pattern of unconstitutional conduct by untrained employees. Rather, Plaintiff relies wholly on unsubstantiated and conclusory allegations, which are insufficient to state a failure to train claim. Such pleading deficiencies necessitate the dismissal of Plaintiff's *Monell* claim against the City.

### IV. CONCLUSION

Plaintiff has failed to set forth sufficient claims under § 1983 against the City of Philadelphia in her Complaint. For the reasons set forth above, the City of Philadelphia

respectfully requests that this Court grant the instant motion and dismiss Plaintiff's Complaint against it with prejudice.

Date: January 10, 2020                     Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (phone)
215-683-5397 (fax)
shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TZVIA WEXLER, : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 19-5760** |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant the City of Philadelphia's Motion to Dismiss Plaintiff's Complaint, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date: January 10, 2019	Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Attorney Identification No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5114
shannon.zabel@phila.gov