IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TZVIA WEXLER**<br><br>　　　　　**Plaintiff,**<br><br>　v.<br><br>**CITY OF PHILADELPHIA,** *et al*.<br><br>　　　　　**Defendants.** | **CIVIL ACTION NO. 19-5760** |

## ORDER

**AND NOW**, this 19th day of February 2020, upon consideration of the Motion to Dismiss filed by Defendant City of Philadelphia [Doc. No. 2], to which no response has been filed, it is hereby **ORDERED** that the Motion is **GRANTED** and the claims against the City of Philadelphia only are **DISMISSED WITHOUT PREJUDICE**.[1]

It is so **ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**
　　　　　　　　　　　　　　　　　　　　　　　**/s/ Cynthia M. Rufe**
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**CYNTHIA M. RUFE, J.**

---

[1] Plaintiff, through counsel, alleges that the City of Philadelphia:

> failed to have established and/or enforced established policies, procedures and/or guidelines concerning the nature of the conduct and interaction of any Police Officer has with any individual in the discharge of their duties; and, in particular, in the manner in which incidents are investigated; when individuals are to be taken into custody and or arrested; and, when; under what circumstances; in what manner on officer is permitted to use force against an individual; and in ensuring that contacts with civilians are recorded by the recording equipment purchased by the taxpayers.  Additionally, it failed to enforce policies, procedure and/or guidelines which existed or should have existed concerning the review and supervision of the actions of individual officers to ensure that they were conforming to established Police Department policies, procedures and/or guidelines and were discharging their duties in an appropriate and lawful manner.

Compl. at ¶ 48 (grammar and punctuation in original) [Doc. No. 1].  "[M]unicipalities may be held liable under § 1983 only if the plaintiff proves the existence of an unconstitutional policy or custom that caused her injury." *Young v. City of Chester, PA*, 764 F. App'x 262, 265 (3d Cir. 2019) (citing *Brown v. City of Pittsburgh*, 568 F.3d 263, 292 (3d Cir. 2009)).  A complaint that contains only conclusory allegations "fails to satisfy the rigorous standards of culpability and causation required for municipal liability." *Id.* (internal quotation marks and citations omitted).  The allegations here are too broad and conclusory to state a claim.  The claims against the City will be dismissed without prejudice to Plaintiff's ability to seek leave to file an amended complaint, if warranted.