## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **TZVIA WEXLER**<br><br>                    **Plaintiff,**<br><br>          **v.**<br><br>**CHARMAINE HAWKINS,** *et al*.<br><br>                    **Defendants.** | **CIVIL ACTION NO.  19-5760** |

## SCHEDULING ORDER

**AND NOW,** this 11th day of March 2020, after a telephone conference with counsel for the parties, the Court hereby enters the following Scheduling Order to govern further proceedings in this case:

1.  Parties through counsel agree that this case shall be submitted to a settlement conference before Magistrate Judge Carol Moore Wells. Counsel for the parties are directed to report to Judge Wells's chambers (Room 3016) on **June 9, 2020 at 10:30 AM**. [1] The parties and/or persons with full authority to settle **must** accompany counsel unless excused in advance by Judge Wells.

2.  Fact discovery shall be completed on or before **September 11, 2020**.

3.  Plaintiff's expert reports, if any, shall be served on or before **September 11, 2020**.

4.  Defendant's responsive reports, if any, shall be served on or before **October 12, 2020**.

5.  All dispositive motions shall be filed on or before **November 13, 2020**. The parties are directed to follow Judge Rufe's Policies and Procedures for Summary Judgment, a copy of which is appended hereto as Attachment A.

It is so **ORDERED**.

                                        **BY THE COURT:**

                                        **/s/ Cynthia M. Rufe**
                                        _____
                                        **CYNTHIA M. RUFE, J.**

---

[1] The parties, with permission from Magistrate Judge Wells, may modify the settlement conference date by up to 14 days without seeking permission from this Court.

**Attachment A**

**JUDGE RUFE'S REQUIRED PROCEDURE ON SUMMARY
JUDGMENT FOR THOSE MOVING UNDER RULE 56**

1.  **Initial Filing of Moving Party**: A party moving under Rule 56 may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

    (1) identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed;
    (2) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis for the non-movant to prevail upon the issues so identified;
    (3) provide a separate, concise <u>Statement of Stipulated Material Facts</u>, as described below; and
    (4) request judgment.

    The initial filing by the moving party generally should not exceed <u>five double-spaced, type-written pages</u>, excluding the Statement of Stipulated Material Facts.

    No later than 14 days before the case dispositive motion deadline, the parties shall meet and confer about the facts material to the case. The initial filing of the moving party must include a concise Statement of Stipulated Material Facts, which sets forth, in numbered paragraphs, the material facts that the parties agree are not in dispute. Only the facts that bear on material issues shall be included.

2.  **Response of Non-Moving Party**: The non-moving party shall file a Response within 21 days after the Motion for Summary Judgment is served. The Response shall be supported with affidavits, depositions, documents or other evidence permitted by Rule 56. Where applicable, references to such evidence must include specific citations to exhibit, page, and line number. The Response may not exceed <u>25 pages</u>.

3.  **Reply of Moving Party**: The movant shall file a Reply. Such a Reply must be filed not later than fourteen days after the Response from the non-moving party is served. The Reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Reply may not exceed <u>25 pages</u>.

4.  **Sur-Reply of Non-Moving Party (Optional)**: The non-moving party may, within seven days after the Reply is received, file a Sur-reply. The Sur-reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Sur-reply may not exceed <u>10 pages</u>.

*The purpose of this procedure is to encourage the parties in their dispositive motion to track the natural order of trial where the plaintiff sets forth its cause and the defendant then responds.*