IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, : | |
|       Plaintiff, : | |
| : | Civil Action |
| v. : | No. 19-5760 |
| : | |
| CHARMAINE HAWKINS, et al. : | |
|       Defendants. : | |

# ORDER

AND NOW, this      day of            , 2021, after consideration of Defendant's Motion to Compel and Plaintiff's response thereto, it is hereby ORDERED that Defendant's motion is DENIED.

                                                      BY THE COURT:

                                                      _____
                                                                         J.

| Thomas Malone, Esquire | Attorney for Plaintiff |
|---|---|
| THE MALONE FIRM, LLC | |
| Identification No. 77291 | |
| 1650 Arch Street, Suite 2501 | |
| Philadelphia, PA 19103 | |
| (215) 987-5200 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TZVIA WEXLER, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 19-5760 |
| | : | |
| CHARMAINE HAWKINS, et al. | : | |
| Defendants. | : | |

### PLAINTIFF TZVIA WEXLER'S MOTION TO COMPEL THE DEPOSITIONS OF DEFENDANTS JAMES KOENIG AND KELLY KEENAN

Plaintiff, Tzvia Wexler, by and through her attorney, Thomas Malone, Esq., hereby files this response to Defendant's Motion to Compel [Docket No. 18].

Defendants have filed an eleventh-hour Motion for documents and other discovery that was not timely requested previously, that is irrelevant, and that causes undue delay. Defendant's timeline fails to address that Plaintiff's deposition occurred on the date, and at the time, it was first noticed and scheduled (i.e. two days before the discovery deadline). Defendants first allege that they are entitled to:

> **"(1) The names of individuals likely to have discoverable information relevant to Plaintiff's claims, including Sivy Blume and Plaintiff's husband, who has yet to be named. Plaintiff specifically conceded she was familiar with the individual identified as Sivy Blume"**

In #1 above, Defendants request the name of an individual and then, after a comma, type that person's name, a name that the defense has had for weeks or perhaps months. Moreover, the Defense took a deposition of Ms. Wexler on February 16, 2021. If they wanted or needed her

husband's name, they could have asked her his name. They did not bother to ask. They also served written discovery wherein they did not ask for Ms. Wexler's husband's name.

Defendants next allege that they are entitled to:

**"(2) The right to timely depose any individuals identified in response to Outstanding Request No. 1"**

It is not an "outstanding request" because it was not requested. There can be no "timely" depositions of said individuals because the discovery deadline has passed. The defense never asked for Ms. Wexler's husband's name during written discovery (see Exhibit A, Defendants' Discovery Requests) and did not bother to ask his name at Ms. Wexler's deposition. Additionally, they know that Ms. Wexler's husband just went through heart surgery. The name "Sivy Blume" is a name the defense brought into this case. He or she is not a witness to the events at the center of the allegations against Defendants. Plaintiff counsel has had no contact with him/her. Moreover, defense counsel has had his/her name for some time. If they wanted a deposition of this person, perhaps they should have mentioned his/her name at some point before 48 hours from the close of discovery. If they wanted to depose Ms. Wexler's husband, they should have asked his name and requested Plaintiff produce him for a deposition. Those depositions were never noticed.

Defendants' third allegation is that they are entitled to:

**"(3) Any documentation in Plaintiff's possession confirming the date of the event hosted by Sivy Blume"**

The "event" to which the defense alludes was first mentioned on February 16, during Ms. Wexler's deposition by the defense. During the deposition, defense produced a photograph from the internet that had "Sivy Blume" typed below it. They could have, but did not, ask Plaintiff for any

information about that person, or that alleged event, in written discovery; nor did they ask about that person or that alleged event in their written interrogatories. Additionally, the Plaintiff has no information regarding said event, which is immaterial to the instant case.

Defendants' final allegation is as follows:

**"(4) Plaintiff has not produced any expert reports from either provider identified in her Responses (Dr. Ofra Sharabani and Dr. Phillip Nimoityn), nor has Plaintiff produced any medical records from either provider. To the extent Plaintiff intends to call Dr. Sharabani and/or Dr. Nimoityn at trial, Defendants request the right to timely depose said provider."**

Plaintiff answered the written discovery of the Defendants and provided the names above. (See Exhibit B, Plaintiff's Responses to Defendants' Discovery Requests). If defense wanted depositions of either, they could have, before the discovery deadline, scheduled and noticed those depositions. If defense wanted records from either doctor, they could have requested them. They failed to do so. Those depositions were never noticed. Subpoenas were never sent.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

The Malone Firm, LLC

By: /s/ Thomas Malone
Thomas Malone, Esq.
Attorney for Plaintiff, Tzvia Wexler

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Motion to Compel Discovery to be served upon all counsel of record via the Court's Electronic Filing System (ECF).


Date:   March 2, 2021                         */s/ Thomas Malone*
                                              Thomas Malone, Esq.