IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TZVIA WEXLER,** | : |
|             **Plaintiff,** | : |
| | : **Civil Action** |
| v. | : **No. 19-5760** |
| | : |
| **CHARMAINE HAWKINS, et al.,** | : |
|             **Defendants.** | : |
| | : |

**PLAINTIFF'S ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, by and through her attorney, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendants' First Set of Interrogatories and Requests for Production of Documents as follows:

GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

5. To the extent any of Defendants' document requests or its interrogatory seek documents or answers that include expert material, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

6. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend or supplement her responses.

ANSWERS

1. Please provide your personal identifying information, including:
    a. Full name;
    b. Any aliases or other names you have been used or been known by;
    c. Address at the time of the incident(s);
    d. Date of birth;
    e. Social Security Number;
    f. Height;
    g. Weight.

**ANSWER: (a) Tzvia S. Wexler; (b) N/A; (c) 2401 Pennsylvania Ave, Apt 16C24, Philadelphia, PA 19130; (d) April 30, 1962.**

2. Have you received any formal education? If so, please include:
    a. Name of institution(s) attended;
    b. Dates attended;
    c. Area(s) of study;
    d. Degree(s) received;
    e. Certification(s) received.

**ANSWER: Plaintiff attended school in Israel and received the equivalent of a High School diploma, plus one year of higher education before joining the Army. The school is called Amal B and Plaintiff graduated in 1980.**

3. What is your occupation, career, or profession? Please include:
    a. Current place of work, including address and immediate supervisor;

     b.     Previous places of work for the five (5) years preceding the incident which forms the basis for your Complaint, including addresses and immediate supervisors for each place of work;
     c.     Hourly pay, including estimated yearly gross pay, or salary information for each place of work listed under this Interrogatory.

**ANSWER: Plaintiff is the Executive Director of the Friends of the Israel Defense Force's Pennsylvania and Southern New Jersey chapter. (a) Friends of the Israel Defense Force, 500 Office Center Drive, Fort Washington, PA 19034; Plaintiff's immediate supervisor is Maj. General Meir Klifi-Amir, National Director and CEO of the FIDF. (b) Plaintiff has worked for the FIDF throughout the specified period. (c) Plaintiff has a yearly salary of $110,000.**

4.     Have you ever been involved in a civil suit for damages, either as a plaintiff, or a defendant? If so, please include:
     a.     The caption and docket number of any such suit;
     b.     The court in which any such suit was brought;
     c.     The resolution of any such suit.

**ANSWER: No.**

5.     Have you been convicted of any crime in the past ten (10) years? If so, state:
     a.     The nature of the crime of which you were convicted;
     b.     The jurisdiction in which you were convicted;
     c.     The docket or case number; and
     d.     The sentence imposed and when completed.

**ANSWER: No.**

6.     Please provide a physical description of each individual with whom you came into contact during, and immediately preceding, the incident which forms the basis for your Complaint on June 9, 2019. Please include and/or state the individual's:
     a.     Name;
     b.     Height;
     c.     Weight;
     d.     Skin color.

**ANSWER: Objection. Plaintiff came into contact with a great number of individuals during and immediately prior to the incident; given the commotion of the parade and the great personal stress resulting from the assault and arrest she suffered at the hands of the defendants, this interrogatory is oppressive and unduly burdensome. Further, and without**

**waiver of said objection, Plaintiff came into contact with an Officer O'Reilly, whom she recalls of being average height, average weight, and with white skin.**

7. In your Complaint, you allege that you were "assaulted, detained and arrested/caused to be arrested" on June 9, 2019, by Officer Haynes-Hawkins. You also allege that Corporal Keenan and Detective Koenig arrested you without probable cause and acted with malicious intent. Identify any person who witnessed, within sight or hearing, the events that led up to the alleged incident described in your Complaint, and any person who witnessed the incident itself. In answering this Interrogatory, state the witness' name and address; where he or she was located during the relevant time period; and what, if anything, he or she said regarding the incident. If you have a signed statement or affidavit from any such witness, identify when and by whom the statement was obtained (provide the address of the person who obtained the statement), and provide a summary of its contents.

**ANSWER: Objection. This interrogatory is overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files. The Police had access to the hundreds – if not thousands – of eyewitnesses. Defendant Hawkins grabbed and choked the Plaintiff in front of people attending the parade. Plaintiff did not have access to the eyewitnesses to get their names or addresses or phone numbers, because Plaintiff was arrested and taken away in a police wagon.**

8. List by company name, claim address and policy number(s) all policies of health/medical insurance (including HMOs and health and welfare funds) providing coverage to you on the date this cause of action arose for any portion of your injuries/damages that you contend are related to the alleged incident.

**ANSWER: Blue Cross of Massachusetts; Plaintiff will supplement this response with policy number once she obtains it prior to the close of discovery.**

9. Concerning any physical injury you claim you have suffered or continue to suffer as a result of the alleged incident:
    a. The identity, by name and address, of each hospital or university medical center where you were examined and/or treated;
    b. The identity of any person who examined, evaluated or treated you, noting their name address and specialty;
    c. The identity, by name and address, of any diagnostic test center that provided services and what tests were performed.
    d. The dates of all examinations, evaluations, treatments or confinements by healthcare professionals and their corresponding charges.

      e.      Identify any healthcare professional(s) you are currently consulting and/or treating with for any of the injuries and/or damages you sustained as a direct result of the alleged incident, and what symptoms from which you still allegedly suffer.

**ANSWER: Plaintiff went to her primary care physician following her release from prison: Dr. Phillip Nimoityn, 818 Chestnut St. Philadelphia, PA. Further, Plaintiff's investigation is ongoing, and we reserve the right to supplement this answer prior to the close of discovery.**

10.     Please describe any physical injuries for which you are seeking damages, including:
      a.      Area injured;
      b.      Type of injury;
      c.      Symptoms associated with the injury; and
      d.      Duration of any symptoms associated with the injury.

**ANSWER: Plaintiff suffered injuries to her hip as a result of Officer Hawkins striking Plaintiff with Plaintiff's bike, resulting in bruising and pain, especially when sitting or standing; Plaintiff further suffered an injury to her neck and throat as a result of Officer Hawkins choking her, resulting in red marks and scratching, pain, and difficulty swallowing; Plaintiff further suffered and injury to her wrist when handcuffs were forced on her, resulting in bruising and difficulty in performing everyday activities; Symptoms lasted from approximately 10 days to presently still occurring, including panic attacks, sleeplessness, headaches, nightmares, difficulty breathing, and other symptoms.**

11.     Have you sought any medical treatment, chiropractic treatment, physical therapy, or any other type of treatment for the physical injuries identified in the previous Interrogatory? If so, please include:
      a.      Name of any licensed professional who examined, treated, or prescribed treatment for such physical injuries or conditions;
      b.      Address of any licensed professional who provided, recommended or prescribed treatment for such physical injuries or conditions;
      c.      Dates of treatment received;
      d.      Type of treatment received;
      e.      Prognosis of injury, including extent and frequency of any ongoing pain and/or disability;
      f.      Amount of money you personally expended on such treatment; and
      g.      Amount of money you still owe for any treatment received.

**ANSWER: See Answer to Interrogatory #9.**

12.     Have you previously been injured in the same area as any injuries you identified in Interrogatory 10? If so, please include:
      a.      Date and cause of prior injury;

  b. Name and address of any licensed professional who rendered, prescribed, or recommended treatment for the prior injury; and
  c. Dates of any treatment for the prior injury.

**ANSWER: No.**

13. If you have fully recovered from the injuries you allege to have sustained as a direct result of the alleged incident, state the approximate date you recovered. If you have not fully recovered from your injuries, then describe any pain, ailment, complaint, injury or disability that you allege you still suffer from as a direct result of the alleged incident.

**ANSWER: Plaintiff continues to suffer from the following: fear of law enforcement; headaches; trouble sleeping; embarrassment; humiliation; panic attacks; headaches, nightmares; difficulty breathing, and other pain, ailment, complaint, injury. Plaintiff reserves right to supplement.**

14. If you suffered any injury subsequent to your recovery from the injuries arising out of the alleged incidents, state:
  a. the nature and extent of such injury;
  b. the parts of your body affected by the injury; and
  c. the date on which the injury was sustained and the date on which you recovered.

**ANSWER: Plaintiff has suffered no such injury.**

15. Are you claiming that, as a result of any actions taken by Defendants, that you suffered any psychological or emotional injury? If so, please include:
  a. Name of any licensed professional who examined, treated, or prescribed treatment for such psychological/emotional injuries or conditions;
  b. Address of any licensed professional who provided, recommended or prescribed treatment for such psychological/emotional injuries or conditions;
  c. Dates of treatment received;
  d. Amount of money you personally expended on such treatment;
  e. Amount of money you still owe for any treatment received.

**ANSWER: Plaintiff suffered emotional distress arising from the incident, especially the shock and trauma of being choked and handcuffed by a police officer without provocation. Plaintiff is afraid when she sees people in blue shirts—especially law enforcement officers—because it triggers her memory of the incident and makes her worried for her safety. When she experiences that fear, her heart races and she begins to shake. She sometimes freezes and doesn't know what to do or how to behave. Since the incident, Plaintiff has experienced concerns about going out. For example, she was afraid to drive out of concern that there may be a police encounter and for her safety. It also affected her ability to perform her job,**

which requires meeting and interacting with people, she refuses to socialize because of fear. She also will start crying out of the blue from fear as she remembers being choked and being locked in a cell. Plaintiff lost her appetite and because of that she lost weight. For example, she went for an MRI a few weeks after the incident, and she had a panic attack in the enclosed space because she felt claustrophobic and like she was choking. Her heart raced and she was shaking physically. It never happened before. She similarly experienced anxiety when entering elevators. She has also lost trust in other people. She experienced these effects at their most severe for three or four months after the incident. The effects started to get better over time as she tried to act more normally with the help and support of her family, but she still experiences many of these effects today. Plaintiff treated and treats with her sister-in-law, a mental health professional: Ofra Sharabani, S.O. Therapy, LLC, 2627 Northeast 203rd Street, Suite 214, Aventura, FL 33180.

16. Have you previously been diagnosed with any psychological or emotional condition? If so, please include:
   a. Formal diagnosis, if any, for your psychological or emotional condition;
   b. Name and address of any licensed professional who rendered, prescribed, or recommended treatment that psychological or emotional condition;
   c. Dates of any treatment for that psychological or emotional condition;
   d. Any medication you have taken, or currently take, for that psychological or emotional condition.

**ANSWER: No prior psychological/emotional condition(s).**

17. Did you have physical contact with Officer Haynes-Hawkins on June 9, 2019? If yes, please describe in detail any parts of your body that made contact with her body and vice- versa.

**ANSWER: Officer Hawkins struck Plaintiff using Plaintiff's bicycle and choked Plaintiff with her hands**

18. Describe in detail all words exchanged between you and Officer Haynes-Hawkins on June 9, 2019.

**ANSWER: Plaintiff was told by a different Police Officer to proceed the direction she was going when she encountered Defendant Hawkins, who began yelling at her. Plaintiff tried to explain that she was going the way she was told to go by Police. Defendant Hawkins kept yelling. Plaintiff stated that Defendant Hawkins was being unprofessional. Defendant Hawkins assaulted her and had her arrested. When she was choking Plaintiff, Plaintiff tried to say "Stop. I can't breathe."**

19. Do you contend that any Defendants, or other employee of the City of Philadelphia and/or any other governmental employee made any verbal statement within your hearing, either to you,

or to any other individual, relating in any way to the incident which forms the basis for your Complaint on June 9, 2019? If so, please include the following information:
    a.    Contents of the statement;
    b.    Person who made the statement;
    c.    Person to whom the statement was made;
    d.    Approximate time the statement was made;
    e.    Any person to whom you have already relayed information regarding the statement.

**ANSWER: Police Officers were heard saying: it's a good thing Plaintiff did not need hospital treatment, asking Defendant Hawkins if she was injured, to which Hawkins said she was not injured.**

20. In the five (5) years immediately preceding the incident which forms the basis for your Complaint, did you receive any treatment for any physical, psychological or emotional condition which you have not already identified in previous Interrogatories? If so, please include:
    a.    Name and address of any licensed professional who rendered, prescribed, or recommended such treatment;
    b.    Dates of any such treatment;

**ANSWER: No.**

21. Have you, or has anyone on your behalf, made any verbal complaint or grievance to any individual relating to the incident which forms the basis for your Complaint or events which you contend preceded, and were related to, the incident. If so, please include:
    a.    Who complained;
    b.    The name, rank, and organizational affiliation of the individual to whom you or your agent made a complaint;
    c.    The contents of any such complaint.

**ANSWER: Yes. Plaintiff's attorney complained to the District Attorney's Office, who dropped all criminal charges against the Plaintiff after Defendant Hawkins testified falsely. The complaint was that Defendant Hawkins is a liar who, after assaulting the Plaintiff, made false statements, had her arrested, handcuffed, and thrown in a Police Wagon in front of hundreds/thousands of people, and committed perjury; additionally, Plaintiff told the first officer that she spoke to after being taken out of the police wagon that Officer Hawkins assaulted her and that she (the Plaintiff) had done nothing wrong. When the Plaintiff begged the guard at the jail not to be put in a cell with anyone else, the guard said, "you do not belong here;" when the Plaintiff was being asked for her address and other information, he stated, "There is something wrong here; something improper is happening here."**

22. Please identify the fact witnesses you, or your attorney/agent, may call at trial. For each witness, please include:
    a.    The witness' name;

      b.      The witness' address;
      c.      A summary of the witness' expected testimony.

**ANSWER: Objection. This interrogatory seeks information beyond the scope of permissible discovery under the applicable rules of civil procedure. Defendants are not entitled to detailed discovery regarding witnesses, per the applicable rules of civil procedure, and accordingly, Plaintiff will not be supplying any information that is not mandated by the rules of civil procedure. By way of further response, and without waiver of the aforesaid objections, Plaintiff has not yet determined the identity of its witnesses, but will do so according to the schedule and Order of Court. At the appropriate time, Plaintiff will disclose what information it is obligated to disclose regarding its witnesses and their expected testimony, pursuant to the applicable rules of civil procedure. Further, Plaintiff reserves the right to supplement this answer prior to the close of discovery.**

23.     Please identify the expert witnesses you, or your attorney/agent, may call at trial. For each witness, please include:
      a.      The witness' name;
      b.      The witness' address;
      c.      A summary of the witness' expected testimony.

**ANSWER: Objection. This interrogatory seeks information beyond the scope of permissible discovery under the applicable rules of civil procedure. Defendants are not entitled to detailed discovery regarding experts, per the applicable rules of civil procedure, and accordingly, Plaintiff will not be supplying any information that is not mandated by the rules of civil procedure. By way of further response, and without waiver of the aforesaid objections, Plaintiff has not yet determined the identity of its expert witnesses, but will do so according to the schedule and Order of Court. At the appropriate time, Plaintiff will disclose what information it is obligated to disclose regarding its expert and the basis for the expert's opinions, pursuant to the applicable rules of civil procedure. Further, Plaintiff reserves the right to supplement this answer prior to the close of discovery.**

24.     Have you been interviewed by any person other than your attorney regarding the subject matter of this lawsuit?
      a.      If the answer is "yes," state the name of the person, the organization he/she belongs to, the date of the statement, and the relationship between that person and you.

**ANSWER: No**

25.     Identify any written statement you have obtained from any other person, relating to the alleged incident described in your Complaint. State the context of the written statement(s).

**ANSWER:  N/A**

DATE: February 3, 2021							By:	THE MALONE FIRM, LLC

<u>/s/ Thomas Malone</u>
Thomas Malone, Esq.
*Counsel for Plaintiff*

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Any and all documents identified in Plaintiff's Answers to the Interrogatories served in this matter.

**RESPONSE: None, but Plaintiff reserves the right to supplement this response prior to the close of discovery.**

2.      Any other documents that you may introduce at trial.

**RESPONSE: Plaintiff has not yet determined what, if any documents she will introduce at trial, but will do so according to the schedule and Order of Court. At the appropriate time, Plaintiff will disclose what information it is obligated to disclose regarding such documents, pursuant to the applicable rules of civil procedure. Further, Plaintiff reserves the right to supplement this answer prior to the close of discovery.**


3.          All bills, receipts, reports, diagnoses or prognoses and records for any and all medical, physical, psychiatric and/or psychological treatment by any doctor, hospital, psychologist, pharmacy or medical facility for any injury, damage or treatment received from the date of the incident to present and for any of the alleged incidents of Plaintiff's Complaint.

**RESPONSE: None, but Plaintiff reserves the right to supplement this response prior to the close of discovery.**

4.          All medical records, employer's statements, lost wage and/or employment records and all other writings that establish any claim for medical bills, lost earnings, lost earning capacity and/or other financial losses.

**RESPONSE: None, but Plaintiff reserves the right to supplement this response prior to the close of discovery.**

5.      All receipts or other documents that show the amounts paid by you for the physical, psychological, and/or emotional injuries sustained as a result the actions complained of in your lawsuit.

**RESPONSE: None, but Plaintiff reserves the right to supplement this response prior to the close of discovery.**

6.          Any and all press releases, newspaper, magazine articles, or other news articles that relate to your lawsuit.

**RESPONSE: Plaintiff is in possession of no such materials; moreover, Defendants can acquire publicly available coverage of the lawsuit themselves.**

7. Any video or audio recordings that relate to the incident that forms the basis of your Complaint.

**RESPONSE: Plaintiff is in possession of no such video or audio recordings.**

| | |
|---|---|
| DATE:  February 3, 2021 | By:   THE MALONE FIRM, LLC |
| | /s/ Thomas Malone |
| | Thomas Malone, Esq. |
| | *Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I, Thomas Malone, Esquire, do hereby certify that I have served a true and correct copy of the foregoing Plaintiff Answers to Defendants' First Set of Interrogatories and Requests for Production of Documents upon counsel of record via email as follows:

Meghan E. Claiborne
Civil Rights Unit
City of Philadelphia Law Department
Meghan.Claiborne@Phila.gov

**THE MALONE FIRM, LLC**

By: */s/ Thomas Malone*
Thomas Malone, Esq.
Attorney for Plaintiff, Tzvia Wexler

Date: February 3, 2021