# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TZVIA WEXLER,** Plaintiff, v. **OFFICER CHARMAINE HAWKINS, et al.,** Defendants. | Civil Action No. 19-5760 |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendants' Motion *in Limine* to preclude expert testimony, and any response thereto, and for good cause shown, it is **HEREBY ORDERED** that the Motion *in Limine* is **GRANTED**. Plaintiffs having failed to conform with Federal Rule of Civil Procedure 26(a)(2) and with this Court's Order regarding expert discovery, Plaintiff is barred from presenting expert testimony on the issue of Plaintiff's damages.

BY THE COURT:

_____
Cynthia M. Rufe
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER,<br>            Plaintiff,<br><br>    v.<br><br>OFFICER CHARMAINE HAWKINS, et al.,<br>            Defendants. | Civil Action<br>No. 19-5760 |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY**

    Defendants Charmaine Hawkins, James Koenig, and Kelly Keenan, by and through the undersigned counsel, hereby move *in limine* to preclude expert testimony by the identified physician and mental health practitioner on the issue of the Plaintiff's damages. In support of this motion, Defendants incorporate the attached memorandum of law.

Respectfully submitted,

Date: July 28, 2023

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán
Pa. Attorney ID No. 326442

Michelle V. Barone
Pa. Attorney ID No. 318237

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
215-683-5397 (fax)
jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, :<br>         **Plaintiff,** :<br>         :<br>v. :<br>         :<br>OFFICER CHARMAINE HAWKINS, et al., :<br>         **Defendants.** :<br>         : | **Civil Action<br>No. 19-5760** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY**

Defendants Charmaine Hawkins, James Koenig, and Kelly Keenan ("Defendants"), by and through undersigned counsel, move this Court for entry of an order precluding expert opinion testimony by the physician and mental health practitioner identified by Plaintiff in her response to Defendants' interrogatories and deposition. Specifically, Plaintiff identified Dr. Philip Nimoityn as her treating family medicine physician, and her sister-in-law, therapist Ofra Sharabani, as her mental health care provider. Without the benefit of Plaintiff's pre-trial memorandum, Defendants predict Plaintiff will offer the opinions of Dr. Philip Nimoityn and Ofra Sharabani on Plaintiff's damages.

However, Plaintiffs have not complied with the requirements of Federal Rule of Civil Procedure 26(a)(2) or with the requirements of the Court's Order controlling expert discovery in this litigation. Having failed to conform to the requirements of the applicable rule and Order, and having failed to identify how the proffered testimony comports with that permitted by Federal Rule of Evidence 702, Plaintiff should be barred from introducing such testimony in this litigation.

## I. Background

On June 9, 2019, Plaintiff, Tzvia Wexler, alleges that Defendant Officer Charmaine Haynes-Hawkins assaulted her while she was walking back from synagogue with her bike. Compl. (ECF No. 1). By way of her complaint, Plaintiff brings the following remaining claims: violation of her Fourth Amendment rights against Defendants (Count I); a violation of her First Amendment rights against Defendants (Count II); a violation of her Fourteenth Amendment rights against Defendants (Count III); assault and battery against Defendant Officer Hawkins (Count V); false arrest under state law against Defendants (Count VI); false imprisonment under state law against Defendants (Count VII); false light under state law against Defendants (Count VIII); malicious prosecution under state and federal law against Defendants (Count IX); and retaliatory prosecution under state and federal law against Defendants (Count X). By way of fact discovery, Plaintiff identified medical and mental health personnel—one a family medicine physician and the other a therapist—as witnesses who treated Plaintiff and whose testimony Plaintiff may seek to present regarding damages, submitting that they treated Plaintiff's physical and emotional injuries sustained caused by the alleged incident. (ECF No. 18, 22).

In the March 11, 2020 Scheduling Order, this Court Ordered that fact discovery would close on September 11, 2020, and that expert reports would be completed and exchanged by the parties by October 12, 2020. Sched. Order. (ECF No. 8). Following several disputes regarding production of discovery, on March 22, 2023 Order, this Court ordered that "the parties may file any motions showing good cause for the Court to grant leave to conduct expert discovery or to file case-dispositive motions no later than April 27, 2023." (ECF No. 34). This Court further ordered that, "if no motions are filed, then fact and expert discovery will be deemed **CLOSED**." *Id*. To date, no such motions have been filed in this matter. On May 4, 2023, the Court specially

listed this case for trial on August 21, 2023. (ECF No. 36).

Plaintiff has never produced any of the disclosures required by Federal Rule of Civil Procedure 26(a)(2) for her identified physician and mental health practitioner, and, to the extent the same are retained as experts, has never produced reports by any physician and/or mental health practitioner from whom she seeks the admission of expert opinion testimony on the issue of Plaintiff's damages.

**II.     Argument**

During fact discovery, Plaintiff identified one medical and one mental health professional from whom she intended to adduce opinion testimony and evidence about the Plaintiff's damages. Plaintiff's service upon Defendants of her medical records of and expert reports from these professionals—Dr. Philip Nimoityn and therapist, and Plaintiff's sister-in-law, Ofra Sharabani—was the subject of Defendants' February 18, 2021 Motion to Compel (ECF No. 18) granted by the Court on March 23, 2021. (ECF No. 22). Plaintiff was ordered to produce these documents to Defendants, within forty-five days. *Id*. However, Plaintiff produced neither the medical records of nor the expert reports from purported experts Dr. Nimoityn or Ms. Sharabani. Additionally, the identified subject of the proposed expert opinions—Plaintiff's damages—is well within the capacity of the jury to determine and does not warrant cumulative opining by medical and mental health professionals. Plaintiff can and now must speak for herself.

Federal Rule of Evidence 702 permits opinion testimony by expert witnesses, subject to itemized constraints (that the specialized knowledge will help the trier of fact, and that the opinion testimony is based upon sufficient facts or data and is the product of reliable methodology). Fed. R. Evid. 702(a)–(d). A party seeking to offer opinion testimony by an expert witness at trial "must disclose the identity of any witness" and "a party must make these

disclosures at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A), (D). Notwithstanding the fact that expert disclosures were due by October 12, 2020, the Court graciously gave Plaintiff the opportunity to file a motion showing good cause for the Court to grant leave to conduct expert discovery no later than April 27, 2023; an opportunity that Plaintiff squandered. Accordingly, Plaintiff should be barred from introducing testimony from any such late-disclosed expert.[1]

### III. Conclusion

For the above stated reasons, Defendants' motion *in limine* to preclude the expert opinion testimony of Dr. Philip Nimoityn and Ofra Sharabani, should be granted.

Respectfully submitted,

Date: July 28, 2023

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán
Pa. Attorney ID No. 326442

Michelle V. Barone
Pa. Attorney ID No. 318237

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
215-683-5397 (fax)
jonah.santiago-pagan@phila.gov

---

[1] Because it is not clear whether these identified medical and mental health professionals are retained experts, Defendants reserve the right to address whether Plaintiff's failure to comply with any of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) provides further grounds for exclusion of these experts from testifying.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, :<br>　　　　　　Plaintiff, :<br>　　　　　　　　　　　　　　:<br>　　v. :<br>　　　　　　　　　　　　　　:<br>OFFICER CHARMAINE HAWKINS, et al., :<br>　　　　　　Defendants. :<br>　　　　　　　　　　　　　　: | Civil Action<br>No. 19-5760 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants Charmaine Hawkins, James Koenig, and Kelly Keenan's Motion *in Limine* to Preclude Expert Testimony, Memorandum of Law in support thereof, Proposed Form of Order, and this Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date: July 28, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Michelle V. Barone*
　　　　　　　　　　　　　　　　　　　　Michelle V. Barone
　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 318237
　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　215-683-5217 (phone)
　　　　　　　　　　　　　　　　　　　　michelle.barone@phila.gov