IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **TZVIA WEXLER,** | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 19-CV-5760-CMR |
| | : | |
| **CHARMAINE HAWKINS, et al.,** | : | |
| Defendants. | : | |
| | : | |

# ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendants' Motion *in Limine* to exclude testimony or evidence regarding lay witness Ofra Sharabani's profession, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and Plaintiff shall be precluded from introducing or eliciting any testimony or evidence regarding lay witness Ofra Sharabani's profession.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER,     Plaintiff, <br><br> v. <br><br> CHARMAINE HAWKINS, et al.,     Defendants. | CIVIL ACTION <br> No. 19-CV-5760-CMR |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY OR EVIDENCE REGARDING LAY WITNESS OFRA SHARABANI'S PROFESSION

Defendants, by and through undersigned counsel, hereby file this Motion *in Limine* seeking to preclude testimony or evidence regarding lay witness Ofra Sharabani's profession. To permit such testimony would be unfairly prejudicial by misleading the jury. For the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendants respectfully request that this Honorable Court grant their motion.

Date: July 28, 2023

Respectfully submitted,

*/s/ Michelle V. Barone*
Michelle V. Barone
Attorney Identification No. 318237

Jonah Santiago-Pagán
Pa. Attorney ID No. 326442

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5217
michelle.barone@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TZVIA WEXLER,** <br> Plaintiff, <br> v. <br> **CHARMAINE HAWKINS, et al.,** <br> Defendants. | **CIVIL ACTION** <br> No. 19-CV-5760-CMR |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY OR EVIDENCE REGARDING LAY WITNESS OFRA SHARABANI'S PROFESSION

Defendants, by and through undersigned counsel, submit this memorandum of law in support of their objections to any testimony or evidence pertaining to the profession of lay witness Ofra Sharabani.

### I. INTRODUCTION

This lawsuit arises out of a physical interaction between Plaintiff, Tzvia Wexler, and Defendant Police Officer Charmaine Hawkins which occurred adjacent to the Pride Parade on June 9, 2019 at 5th and Market Streets in Philadelphia. The dispute arose when Officer Hawkins instructed Plaintiff, who was walking her bicycle through the parade route, to relocate to the sidewalk.

According to Plaintiff's deposition testimony, she suffered mental damages but did not seek professional treatment for her alleged emotional injuries related to this incident. Rather, Plaintiff spoke to her sister-in-law, Ofra Sharabani, on the phone nearly every day about the incident. Ms. Sharabani is reportedly a mental health professional in Florida; however, Plaintiff has not identified her as an expert witness for trial and has provided no evidence pertaining to her alleged treatment. Ostensibly, if Plaintiff called Ms. Sharabani to testify, she would testify as to

her observations of Plaintiff as a lay witness pertaining to damages. Because Ms. Sharabani would be testifying as a fact witness, her professional qualifications have little relevance to this case. However, the danger of unfair prejudice by misleading the jury to believe that they are permitted to give her testimony the weight of that of a mental health expert witness or treating provider is substantial.

II. LEGAL ARGUMENT

The Court should bar testimony or reference to Plaintiff's sister-in-law's profession as unfairly prejudicial, confusing, misleading the jury, and cumulative in violation of Fed. R. Evid. 403. First, testimony as to Plaintiff's sister-in law's profession as a mental health professional will only serve to confuse the jury. There is no evidence that Plaintiff's sister-in-law, Ms. Sharabani, has professionally treated Plaintiff—simply that they spoke regularly following the encounter with police on June 9, 2019. Despite bringing this lawsuit alleging psychological damages, Plaintiff has presented no medical evidence of such damages and concedes that she did not engage a mental health professional to receive treatment. Instead, Plaintiff seems to colloquially suggest that she "treated" with her sister-in-law. Since Plaintiff did not, in a clinical sense, treat with Ms. Sharabani, to introduce evidence of Ms. Sharabani's profession would be unfairly prejudicial to Defendants, as it would mislead the jury to believe that her sister-in-law's observations and testimony should be given greater weight than that of another family member or friend's testimony on damages.

Significantly, Plaintiff has not indicated that anyone other than Plaintiff will testify on her behalf on the issue of liability. As such, assessing Plaintiff's credibility will be of critical import to the factfinders. To permit Ms. Sharabani to identify herself as a mental health professional and to contemporaneously offer testimony corroborating Plaintiff's claimed damages creates a substantial danger of unfair prejudice to Defendants, in that the factfinders might decide to credit

all of Plaintiff's testimony if the damages were corroborated by a purported professional, who was not subject to the rigors of having her qualifications, methods, or conclusions tested.

Further, because Plaintiff is the only fact witness who can provide admissible testimony regarding the "physical injuries, emotional and psychological difficulties," as alleged in her Complaint. ECF 1, ¶ 42. Any testimony from her sister-in-law would be cumulative of the testimony that she, herself will provide.

Any probative value of Ms. Sharabani's observations regarding Plaintiff's injuries is substantially outweighed by a danger of unfair prejudice by misleading the jury and wasting of time by presenting cumulative evidence to the jury.

### III.  CONCLUSION

For the foregoing reasons, any testimony or evidence referring to Ofra Sharabani's should be excluded from trial.

Respectfully Submitted,

Date: July 28, 2023

*/s/ Michelle V. Barone*
Michelle V. Barone
Attorney Identification No. 318237

Jonah Santiago-Pagán
Pa. Attorney ID No. 326442

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5217
michelle.barone@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER,<br><br>               Plaintiff,<br><br>   v.<br><br>CHARMAINE HAWKINS, et al.,<br>              Defendants. | CIVIL ACTION<br>No. 19-CV-5760-CMR |

## **CERTIFICATE OF SERVICE**

    I, Michelle V. Barone, Esquire, Attorney for the Defendants in the above-captioned matter, certify that the foregoing Motion *in Limine* was filed this day via the Court's ECF system and is available for viewing and downloading to counsel for Plaintiff.

Date: July 28, 2023

*/s/ Michelle V. Barone*
Michelle V. Barone
Deputy City Solicitor
Attorney Identification No. 318237
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5217
michelle.barone@phila.gov