**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TZVIA WEXLER,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 19-CV-5760-CMR** |
| | : | |
| **CHARMAINE HAWKINS, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**I.      PRELIMINARY INSTRUCTIONS FOR USE AT COMMENCEMENT OF TRIAL**

1.1      Introduction; Role of Jury

1.2      Description of Case; Summary of Applicable Law

1.3      Conduct of the Jury

1.4      Bench Conferences

1.5      Evidence

1.6      Direct and Circumstantial Evidence

1.7      Credibility of Witnesses

1.8      Jury Questions for Witnesses

1.9      Note-Taking by Jurors

1.10    Preponderance of the Evidence

1.12    Description of Trial Proceedings

**II.      GENERAL INSTRUCTIONS FOR USE DURING TRIAL**

2.5      Use of Deposition

2.6      Use of Interrogatories

2.9      Striking Evidence

2.14    Recess Admonition

## IV.    SUBSTANTIVE POINTS OF LAW UNDER SECTION 1983

4.1     Section 1983 Introductory Instruction

4.2     Section 1983 – Burden of Proof

4.3     Section 1983 – Elements of Claim

4.4.1   Section 1983 – Action under Color of State Law Is Not in Dispute

4.5     Section 1983 – Deprivation of a Federal Right

4.9     Section 1983 - Excessive Force – Stop, Arrest, or Other "Seizure"

4.12    Section 1983 – Unlawful Seizure

4.12.2  Section 1983 - Unlawful Seizure – Arrest – Probable Cause

4.13    Section 1983 – Malicious Prosecution

4.13.3  Section 1983 – Burdens of Proof in Civil and Criminal Cases

[supp.] Section 1983 – First Amendment

## V.    SUBSTANTIVE POINTS OF LAW UNDER PENNSYLVANIA LAW

17.10   Assault (Pennsylvania Model Jury Instructions)

17.20   Battery (Pennsylvania Model Jury Instructions)

[supp.] Police Officer's Privilege to Use Force

17.50   False Imprisonment (Pennsylvania Model Jury Instructions)

17.60   Malicious Prosecution (Pennsylvania Model Jury Instructions)

[supp.] Tort Claims Act – Willful Misconduct

## VI.    INSTRUCTIONS SECTION 1983 CLAIMS (DAMAGES)

4.8.1   Compensatory Damages

4.8.2   Nominal Damages

4.8.3   Punitive Damages

## III.    GENERAL INSTRUCTIONS FOR USE AT END OF TRIAL

3.1    Deliberations

**Preliminary Instructions for Use at Commencement of Trial**

**1.1 Introduction; Role of Jury (Model)**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**Preliminary Instructions for Use at Commencement of Trial**

**1.2 Description of Case; Summary of Applicable Law (Model)**

In this case, Tzvia Wexler claims that Philadelphia Police Officer Charmaine Hawkins, Philadelphia Police Detective James Koenig, and Philadelphia Police Corporal Kelly Keenan falsely arrested her, maliciously prosecuted her, and violated her rights under the First, Fourth, and Fourteenth Amendments to the Constitution. Ms. Wexler further claims that Officer Hawkins assaulted and battered her. Officer Hawkins, Detective Koenig, and Corporal Keenan deny those claims and also contend that there was probable cause to arrest Ms. Wexler. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Ms. Wexler must prove to make her case:

To prove that she was subjected to excessive force in violation of her Fourth Amendment rights, Plaintiff must prove by a preponderance of the evidence that Defendants used more force than a reasonable officer would have used in similar circumstances

To prove that she was subjected to an unlawful seizure in violation of her Fourth Amendment rights, Plaintiff must prove by a preponderance of the evidence that the officers lacked probable cause to believe that she committed an aggravated assault or a simple assault.

To prove that she was subjected to a malicious prosecution in violation of her Fourth Amendment Rights, Plaintiff must prove by a preponderance of the evidence that the officers acted maliciously and for a purpose other than bringing Plaintiff to justice.

To prove that her First Amendment rights were violated, Plaintiff must prove that she was engaged in a constitutionally protected activity, that the defendants retaliated in a way that is sufficient to deter a person from exercising her constitutional rights, and that there is a causal connection between Plaintiff's protected activity and defendants' conduct.

**Preliminary Instructions for Use at Commencement of Trial**

**1.3 Conduct of the Jury Model**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not

read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.]

**Preliminary Instructions for Use at Commencement of Trial**

**1.4 Bench Conferences Model**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Preliminary Instructions for Use at Commencement of Trial**

**1.5 Evidence (Model)**

The evidence from which you are to find the facts consists of the following:

    1. The testimony of the witnesses;

    2. Documents and other things received as exhibits;

    3. Any facts that are stipulated--that is, formally agreed to by the parties; and

    [4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

    1. Statements, arguments, and questions of the lawyers for the parties in this case;

    2. Objections by lawyers.

    3. Any testimony I tell you to disregard; and

    4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection

is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**Preliminary Instructions for Use at Commencement of Trial**

**1.6 Direct and Circumstantial Evidence (Option 2) (Model)**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Preliminary Instructions for Use at Commencement of Trial**

**1.7 Credibility of Witnesses (Model)**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

**Preliminary Instructions for Use at Commencement of Trial**

**1.8 Jury Questions for Witnesses (Option 1) (Model)**

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

**Preliminary Instructions for Use at Commencement of Trial**

**1.9 Note-Taking By Jurors (Option 1) (Model)**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official

transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.      Do not take your notes away from court.  I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes,  for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

**Preliminary Instructions for Use at Commencement of Trial**

**1.10 Preponderance of the Evidence (Model)**

This is a civil case. Tzvia Wexler is the party who brought this lawsuit. Officer Hawkins, Detective Koenig, and Corporal Keenan are the parties against whom the lawsuit was filed. Ms. Wexler has the burden of proving her case by what is called the preponderance of the evidence. That means Ms. Wexler has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Ms. Wexler and the evidence favorable to Officer Hawkins, Detective Koenig, and Corporal Keenan on opposite sides of the scales, Ms. Wexler would have to make the scales tip somewhat on her side. If Ms. Wexler fails to meet this burden, the verdict must be for Officer Hawkins, Detective Koenig, and Corporal Keenan. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Officer Hawkins, Detective Koenig, and Corporal Keenan have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the defendants have succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Preliminary Instructions for Use at Commencement of Trial**

**1.12 Description of Trial Proceedings (Model)**

The trial will proceed in the following manner:

First, the attorney for Tzvia Wexler will make an opening statement to you. Next, attorneys for Officer Hawkins, Detective Koenig, and Corporal Keenan may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Before the attorneys make their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Ms. Wexler goes first because she has the burden of proof. Ms. Wexler will present witnesses whom counsel for Officer Hawkins, Detective Koenig, and Corporal Keenan may cross-examine, and Ms. Wexler may also present evidence. Following Ms. Wexler's case, Officer Hawkins, Detective Koenig, and Corporal Keenan may present evidence. Counsel for plaintiff may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

*[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]*

**General Instructions for Use During Trial**

**2.5 Use of Deposition (Model)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [*name of witness*], which was taken on [*date*], is about to be [has been] presented to you by reading the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**General Instructions for Use During Trial**

**2.6 Use of Interrogatories (Model)**

You will now hear [have heard] answers that Tzvia Wexler gave in response to written questions submitted by the other side. The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

You must consider Tzvia Wexler 's answers to interrogatories in the same manner as if the answers were made from the witness stand.

**General Instructions for Use During Trial**

**2.9 Striking Evidence (Model)**

I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony].  That means that when you are deciding the case, you must not consider that information [testimony] in any way.

**General Instructions for Use During Trial**

**2.14 Recess Admonition (Model)**

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately.  [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.  Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.]  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

**Substantive Points of Law Under Section 1983**

**4.1 Section 1983 Introductory Instruction (Model)**

Tzvia Wexler is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] rights under color of state law.

**Substantive Points of Law Under Section 1983**

**4.2 Section 1983 – Burden of Proof (Model instructs to provide instruction 1.10)**

This is a civil case. Tzvia Wexler is the party who brought this lawsuit. Officer Hawkins, Detective Koenig, and Corporal Keenan are the parties against whom the lawsuit was filed. Ms. Wexler has the burden of proving her case by what is called the preponderance of the evidence. That means Ms. Wexler has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Ms. Wexler and the evidence favorable to Officer Hawkins, Detective Koenig, and Corporal Keenan on opposite sides of the scales, Ms. Wexler would have to make the scales tip somewhat on her side. If Ms. Wexler fails to meet this burden, the verdict must be for Officer Hawkins, Detective Koenig, and Corporal Keenan. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Officer Hawkins, Detective Koenig, and Corporal Keenan have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the defendants have succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Substantive Points of Law Under Section 1983**

**4.3 Section 1983 – Elements of Claim (Model)**

Tzvia Wexler must prove both of the following elements by a preponderance of the evidence:

First: Officer Hawkins, Detective Koenig, and Corporal Keenan each acted under color of state law.

Second: While acting under color of state law, Officer Hawkins, Detective Koenig, and Corporal Keenan each deprived Tzvia Wexler of a federal [constitutional right].

I will now give you more details on action under color of state law, after which I will tell you the elements Tzvia Wexler must prove to establish the violation of her federal [constitutional right].

**Substantive Points of Law Under Section 1983**

**4.4 Section 1983 – Action under Color of State Law (Model)**

The first element of Ms. Wexler's claim is that Officer Hawkins, Detective Koenig, and Corporal Keenan each acted under color of state law.  This means that Ms. Wexler must show that Officer Hawkins, Detective Koenig, and Corporal Keenan were each using power that they possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

**Substantive Points of Law Under Section 1983**

**4.4.1 Section 1983 – Action under Color of State Law – Action under Color of State Law Is Not in Dispute**

**(Model - Version A (government official))**

Because Officer Hawkins, Detective Koenig, and Corporal Keenan were each a police officer of the City of Philadelphia at the relevant time, I instruct you that each was acting under color of state law.  In other words, this element of plaintiff's claim is not in dispute, and you must find that this element has been established.

**Substantive Points of Law Under Section 1983**

**4.5 Section 1983 – Deprivation of a Federal Right (Model)**

The second element of plaintiff's claim is that Officer Hawkins, Detective Koenig, and Corporal Keenan each deprived her of a federal constitutional right, protected by the First, Fourth, and Fourteenth Amendments.

**4.9 Section 1983 – Excessive Force (Including Some Types of Deadly Force) – Stop, Arrest, or other "Seizure" (Model)**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest.  Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, Ms. Wexler claims that Charmaine Hawkins used excessive force when she arrested plaintiff.  In order to establish that Officer Hawkins used excessive force, plaintiff must prove both of the following by a preponderance of the evidence:

First: Charmaine Hawkins intentionally committed certain acts.

Second: Those acts violated plaintiff's Fourth Amendment right not to be subjected to excessive force.

In determining whether Officer Hawkins' acts constituted excessive force, you must ask whether the amount of force Officer Hawkins used was the amount which a reasonable officer would have used in making the arrest under similar circumstances.  You should consider all the relevant facts and circumstances leading up to the time of the arrest that Officer Hawkins reasonably believed to be true at the time of the arrest.  You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.  The circumstances relevant to this assessment can include [list any of the following factors, and any other factors, warranted by the evidence]:

• whether plaintiff posed an immediate threat to the safety of Officer Hawkins or others;

• whether plaintiff was actively resisting arrest or attempting to evade arrest by flight;

- the duration of Officer Hawkins' action; and

- whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of Officer Hawkins' acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Ms. Wexler must prove that Officer Hawkins' intended to commit the acts in question; but apart from that requirement, Officer Hawkins' actual motivation is irrelevant. If the force Officer Hawkins' used was unreasonable, it does not matter whether she had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether Officer Hawkins' acts were objectively reasonable in light of the facts and circumstances confronting the defendant.

**Substantive Points of Law Under Section 1983**

**4.12 Section 1983 – Unlawful Seizure (Model)**

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable seizures by the police. A law enforcement official may only seize a person (for example, by stopping or arresting the person) if there is appropriate justification to do so.

In this case, Tzvia Wexler claims that Officer Hawkins, Detective Koenig, and Corporal Keenan subjected Ms. Wexler to an unreasonable arrest, in violation of the Fourth Amendment. To establish this claim, Ms. Wexler must prove each of the following three things by a preponderance of the evidence:

First: Officer Hawkins, Detective Koenig, and Corporal Keenan each intentionally arrested Ms. Wexler.

Second: Those acts subjected Ms. Wexler to a "seizure."

Third: The "seizure" was unreasonable.

I will now give you more details on what constitutes a "seizure" and on how to decide whether a seizure is reasonable.

**Substantive Points of Law Under Section 1983**

**4.12.2 Section 1983 – Unlawful Seizure – Arrest – Probable Cause (Model)**

An arrest is a "seizure," and the Fourth Amendment prohibits police officers from arresting a person unless there is probable cause to do so.

In this case, Tzvia Wexler claims that Officer Hawkins, Detective Koenig, and Corporal Keenan each arrested her.

You must decide whether plaintiff has proved by a preponderance of the evidence that the defendants lacked probable cause to arrest her.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to Officer Hawkins, Detective Koenig, and Corporal Keenan would warrant a prudent officer in believing that Ms. Wexler had committed or was committing a crime.

Under Pennsylvania Law, a person commits aggravated assault if she attempts to cause bodily injury to certain officials and professionals, such as police officers, teachers, and nurses, while in the performance of their duties. A person commits simple assault if she attempts to cause bodily injury to any person.

In this case the state prosecutor eventually decided not to prosecute the criminal charge against Ms. Wexler. The decision whether to prosecute is within the prosecutor's discretion, and he or she may choose not to prosecute a charge for any reason. Thus, the decision not to prosecute Ms. Wexler does not establish that any of the officers lacked probable cause to arrest Ms. Wexler. You must determine whether Officer Hawkins, Detective Koenig, and Corporal Keenan had probable cause based upon the facts and circumstances known to them at the time of the arrest, not what happened afterwards.

Probable cause requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt. The standard of probable

cause represents a balance between the individual's right to liberty and the government's duty to control crime. Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable officers.

As I told you earlier, Tzvia Wexler must prove that Officer Hawkins, Detective Koenig, and Corporal Keenan intended to commit the acts in question; but apart from that requirement, the officers' actual motivations are irrelevant. If Officer Hawkins, Detective Koenig, and Corporal Keenan's individual actions constituted an unreasonable seizure, it does not matter whether they had good motivations. And an officer's improper motive is irrelevant to the question whether the objective facts available to the officer at the time gave rise to probable cause.

**Substantive Points of Law Under Section 1983**

**4.13 Section 1983 – Malicious Prosecution (Model)**

Tzvia Wexler claims that Officer Hawkins, Detective Koenig, and Corporal Keenan violated Ms. Wexler's Fourth Amendment rights by initiating the prosecution of Ms. Wexler for aggravated assault and simple assault.

To establish this claim of malicious prosecution, Ms. Wexler must prove the following [five] things by a preponderance of the evidence:

First: Officer Hawkins, Detective Koenig, and Corporal Keenan initiated a criminal proceeding against Tzvia Wexler.

Second: The criminal proceeding ended in Ms. Wexler's favor.

Third: The proceeding was initiated without probable cause.

Fourth: Officer Hawkins, Detective Koenig, and Corporal Keenan each acted maliciously or for a purpose other than bringing Ms. Wexler to justice.

Fifth: As a consequence of the proceeding, Ms. Wexler suffered a deprivation of liberty consistent with the concept of seizure.

In this case, the second and fifth of these issues are not in dispute: I instruct you that the criminal proceeding ended in Ms. Wexler's favor and that she suffered a deprivation of liberty consistent with the concept of seizure.

As to the first element of plaintiff's malicious prosecution claim, a prosecutor formally initiated the charges against Ms. Wexler. However, you may find the first element satisfied only if Ms. Wexler proves that Officer Hawkins, Detective Koenig, and Corporal Keenan knowingly withheld facts from the prosecutor, or provided false information to the prosecutor, causing

the District Attorney's Office to charge Ms. Wexler with aggravated assault and simple assault.[1]

As to the third element of Ms. Wexler's malicious prosecution claim, Ms. Wexler must prove that Officer Hawkins, Detective Koenig, and Corporal Keenan lacked probable cause to initiate the proceeding. To determine whether probable cause existed, you should consider whether the facts and circumstances available to Officer Hawkins, Detective Koenig, and Corporal Keenan would warrant a prudent person in believing that Ms. Wexler had committed the crime of aggravated assault and simple assault. Again, under Pennsylvania Law, a person commits aggravated assault if she attempts to cause bodily injury to certain officials and professionals, such as police officers, teachers, and nurses, while in the performance of their duties. A person commits simple assault if she attempts to cause bodily injury to any person.

As to the fourth element of the malicious prosecution claim, Ms. Wexler must prove that in initiating the proceeding, Officer Hawkins, Detective Koenig, and Corporal Keenan each acted out of spite, or that Officer Hawkins, Detective Koenig, and Corporal Keenan each did not

---

[1] *Domenech v. City of Philadelphia*, No. CIV.A. 06-1325, 2009 WL 1109316, at *8, 11-12 (E.D. Pa. Apr. 23, 2009), *aff'd*, 373 F. App'x 254 (3d Cir. 2010) (summary judgment granted on § 1983 malicious prosecution claim because plaintiff had not adduced evidence that the defendant detective initiated the prosecution without probable cause and with malice, noting the detective was insulated from a § 1983 claim of malicious prosecution because no evidence was presented to create a factual dispute as to whether the detective knowingly provided false information to the District Attorney's Office, or that his acts or omissions fundamentally undermined the DA's ability to intelligently exercise her prosecutorial discretion); *see e.g., Harris v. City of Phila.*, 1998 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998) (a plaintiff can only proceed against a police officer under a malicious prosecution theory if the officer "knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion"); *see also O'Connor v. City of Phila.*, 2006 WL 1490134, at *7 (E.D. Pa. May 26, 2006), *aff'd*, 233 Fed. App'x 161 (2007) (same); *Stango v. Rodden*, 2001 WL 1175131, at *4 (E.D. Pa. Aug. 21, 2001) (same); *Garcia v. Micewski*, 1998 WL 547246, at *9 (E.D. Pa. Aug. 24, 1998) (same); Merrero v. Micewski, 1998 WL 414724, at *6-7 (E.D. Pa. Jul 22, 1998) ("A police officer may only be held to have 'initiated' a criminal proceeding if he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion.").

themselves believe that the proceeding was proper, or that Officer Hawkins, Detective Koenig, and Corporal Keenan initiated the proceeding for a purpose unrelated to bringing Ms. Wexler to justice.

Even if you find that Ms. Wexler has proven the elements of her malicious prosecution claim, Officer Hawkins, Detective Koenig, and Corporal Keenan asserts that they are not liable on this claim because Ms. Wexler was in fact guilty of the offense with which she was charged. The fact that the state prosecutor eventually decided not to prosecute the criminal charges against Ms. Wexler does not bar Officer Hawkins, Detective Koenig, and Corporal Keenan from trying to prove that Ms. Wexler was in fact guilty of the offenses. If you find that the defendants have proven by a preponderance of the evidence that Ms. Wexler was actually guilty of the offenses, then the officers are not liable on Ms. Wexler's malicious prosecution claim.

**Substantive Points of Law Under Section 1983**

**4.13.1 Section 1983 – Burdens of Proof in Civil and Criminal Cases (Model)**

As you know, Ms. Wexler's claims that she was unreasonably arrested and maliciously prosecuted in her criminal case.

At various points in a criminal case, the government must meet certain requirements in order to arrest, and ultimately convict a person for a crime. It is important to distinguish between those requirements and the requirements of proof in this civil case.

In order to arrest a person, the police must have probable cause to believe the person committed a crime. Probable cause requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt. The standard of probable cause represents a balance between the individual's right to liberty and the government's duty to control crime. Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable officers.

In order for a jury to convict a person of a crime, the government must prove the person's guilt beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves the jury firmly convinced of the defendant's guilt. If a jury in a criminal case thinks there is a real possibility that the defendant is not guilty, the jury must give the defendant the benefit of the doubt and find her not guilty.

[The existence of probable cause to make an arrest is evaluated in light of the facts and circumstances available to the police officer at the time. And probable cause is a less demanding standard than guilt beyond a reasonable doubt.

[Unlike the prior criminal trial, this is a civil case.  Tzvia Wexler has the burden of proving her case by the preponderance of the evidence.  That means Ms. Wexler has to prove to you, in light of all the evidence, that what she claims is more likely so than not so.  In other words, if you were to put the evidence favorable to Ms. Wexler and the evidence favorable to Officer Hawkins, Detective Koenig, and Corporal Keenan on opposite sides of the scales, Ms. Wexler would have to make the scales tip somewhat on her side.  If Ms. Wexler fails to meet this burden, the verdict must be for the officers.  Notice that the preponderance-of-the-evidence standard, which Ms. Wexler must meet in this case, is not as hard to meet as the beyond-a-reasonable-doubt standard, which the government must meet in a criminal case.]

**Substantive Points of Law Under Section 1983**

**Supplement: First Amendment Freedom of Speech—Retaliation (No Third Circuit Model Available)**

Under the First Amendment, a citizen has the right to free expression.  To prevail on a First Amendment retaliation claim, Tzvia Wexler must prove the following additional elements by a preponderance of the evidence:

>     1.      the plaintiff was engaged in constitutionally protected conduct;

>     2.      Officer Hawkins, Detective Koenig, and Corporal Keenan subjected Ms. Wexler to retaliatory action sufficient to deter a person of ordinary firmness from exercising her constitutional rights by; and

>     3.       that there was a causal connection between defendant's alleged retaliatory activity and plaintiff's constitutionally protected conduct.[2]

 I instruct you that if you find that Ms. Wexler has proven by a preponderance of the evidence that she asked for Officer Hawkins' badge number, then that speech was protected under the First Amendment and, therefore, the first element requires no additional proof.

---

[2] *Primrose v. Mellott*, 541 F. App'x 177, 180 (3d Cir. 2013).

**Substantive Points of Law Under Pennsylvania Law**

**17.10 Assault (PA Model Jury Instruction)**

Ms. Wexler also brings claims of Assault and Battery against Officer Charmaine Hawkins under Pennsylvania law.

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with their body and that does, in fact, cause such fear.

To commit an assault, it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for Officer Hawkins to be held responsible for the commission of an assault against Tzvia Wexler, you must find:

First, that Officer Hawkins intended to put Tzvia Wexler in reasonable and immediate fear of a harmful or offensive contact with her body; and

Second, that Tzvia Wexler, as a result of Officer Hawkins' act, was put in reasonable and immediate fear of such contact.

**Substantive Points of Law Under Pennsylvania Law**

**17.20 Battery (PA Model Jury Instruction)**

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another and that directly results in the harmful or offensive contact with the body of another.

In order for Officer Charmaine Hawkins to be held responsible for committing a battery against Tzvia Wexler, you must find:

First, that Officer Hawkins intended to cause a harmful or offensive contact with the body of Tzvia Wexler or that Officer Hawkins intended to put Tzvia Wexler in reasonable and immediate fear of a harmful or offensive contact with her body, and

Second, that Officer Hawkins' act directly resulted in a harmful or offensive contact with Tzvia Wexler's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

**Substantive Points of Law Under Pennsylvania Law**

**Supplement. Police Officer's Privilege to Use Force**

When considering whether assault and battery occurred under Pennsylvania law, you must take into account that a police officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. She is justified in the use of any force which she believes to be necessary to effect the arrest and of any force which she believes to be necessary to defend herself or another from bodily harm while making the arrest.[3] A police officer may use reasonable force to prevent interference with the exercise of her authority or the performance of her duty. In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.[4]

---

[3] See 42 Pa. Cons. Stat. Ann. 8340.2(a)(4); 18 Pa. Cons. Stat. Ann. § 508.
[4] *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994).

## Substantive Points of Law Under Pennsylvania Law

## 17.50 False Imprisonment (Second Alternative – Where an arrest is involved) (PA Model Jury Instruction)

Plaintiff also brings claims of false imprisonment against Officer Hawkins, Detective Koenig, and Corporal Keenan under Pennsylvania state law.

One who intentionally causes the false arrest of another person is responsible to that person for all harm caused by the arrest.

An arrest is the taking of another person into custody under an assertion of legal authority to do so and for the purpose of bringing that person before a court or otherwise securing the administration of law. An arrest may be accomplished by any act that indicates an intention to take that person into custody and that subjects the person to the control of another.

A false arrest is (1) an arrest made without probable cause, or (2) an arrest made by a person without privilege to do so.

Probable cause means that the person making the arrest believed at the time of the arrest, and a reasonable person under the same circumstances would also have believed, that they had sufficient information of both the facts and the applicable law, to reasonably believe that a crime had been committed and that the person arrested was guilty of committing the crime.

Probable cause for an arrest exists where the facts and circumstances within the knowledge of the person making the arrest at the time of the arrest, and of which the person had reasonably trustworthy information, were sufficient in themselves to lead a person of reasonable caution to believe that the person arrested had committed or was committing a crime.

Corporal Keenan disputes that she took any action against Ms. Wexler that amounted to an arrest. Officer Hawkins and Detective Koenig contend that they were privileged to arrest Tzvia

Wexler because they are police officers. As a matter of law, I have decided that Officer Hawkins and Detective Koenig were privileged to arrest Tzvia Wexler and they not responsible to Ms. Wexler unless they abused this privilege. A privilege to arrest is abused when the arrest was made for a purpose other than that for which the privilege exists. The purpose of police arrest power is arrest individuals when there is probable cause to believe a crime was committed.

## Substantive Points of Law Under Pennsylvania Law

## 17.60 Malicious Prosecution Under Pennsylvania Law (PA Model Jury Instruction)

A person who causes a criminal proceeding to be initiated against another, resulting in their arrest or a seizure of their property, is responsible for the harm resulting from the initiation or continuation of such proceeding, if it was initiated with malice and without probable cause, and the proceeding terminated in favor of the plaintiff.

As a matter of law, I have decided that Officer Hawkins and Detective Koenig caused criminal proceedings to be initiated against Ms. Wexler resulting in her arrest. I have also decided as a matter of law that the criminal proceeding terminated in favor of Ms. Wexler.

[Second Alternative—Where there is a conflict of material evidence:]

If you find that Tzvia Wexler never struck, hit, or scratched Officer Hawkins with her hands or her bicycle, then Ms. Wexler has established that the officers acted without probable cause.

If you decide that Detective Koenig or Officer Hawkins sought the advice of a lawyer, and that they initiated criminal proceedings in reliance of this advice, then you must find that probable cause did exist, if you find that one or more of the officers sought the advice in good faith and made a full disclosure to [their] lawyer of all facts known to [them].

You as a jury must decide whether a particular defendant acted with malice. Malice has been defined as the doing of a wrongful act intentionally. A criminal proceeding is initiated with malice if it is begun for a purpose other than to bring the accused person to justice. You may infer that a defendant acted with malice from the fact that they acted without probable cause.

## Substantive Points of Law Under Pennsylvania Law

## Supplement. Tort Claims Act – Willful Misconduct

A municipal police officer may be held liable only where his tortious conduct, such as false arrest/imprisonment or malicious prosecution, constituted a "crime, actual fraud, actual malice, or willful misconduct."[5]

Willful misconduct entails actual prior knowledge of the plaintiff's peril and must be carried out with the intention of achieving exactly that wrongful purpose.[6] Willful misconduct means that an officer's tortious behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he knows is wrongful.[7] The standard to be applied to police officers is that willful misconduct must be established in addition to the elements of the intentional tort.[8] Gross negligence or recklessness is insufficient to substantiate a finding of willful misconduct.[9]

---

[5] See 42 PA. CONS. STAT. ANN. § 8550.

[6] *Jones v. City of Philadelphia*, 893 A.2d 837, 843 (Pa. Commw. Ct. 2006), *appeal denied*, 909 A.2d 306 (Pa. 2006) (citing *In re City of Philadelphia Litigation*, 938 F. Supp. 1264 (E.D. Pa. 1996)).

[7] *Renk v. City of Pittsburgh*, 641 A.2d 289, 293-294 (Pa. 1994).

[8] *Pettit v. Namie*, 931 A.2d 790, 801 (Pa. Commw. Ct. 2007) ("in cases involving police conduct, a jury verdict that a police officer committed an intentional tort, by itself, is insufficient to establish 'willful misconduct'" citing *Renk*).

[9] *McNeal v. Easton*, 598 A.2d 638, 642 (Pa. Commw. Ct. 1991).

**Instructions Section 1983 (Damages)**

**4.8.1 Section 1983 – Damages – Compensatory Damages (Model)**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Officer Hawkins, Detective Koenig, and Corporal Keenan should be held liable.

If you find Officer Hawkins, Detective Koenig, and Corporal Keenan liable, then you must consider the issue of compensatory damages.  You must award Tzvia Wexler an amount that will fairly compensate her for any injury she actually sustained as a result of Officer Hawkins, Detective Koenig, and Corporal Keenan's conduct.

Ms. Wexler must show that the injury would not have occurred without Officer Hawkins, Detective Koenig, and Corporal Keenan's acts. Ms. Wexler must also show that Officer Hawkins, Detective Koenig, and Corporal Keenan's acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the officers' acts.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Tzvia Wexler claims the following items of damages:

• Physical harm to plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Ms. Wexler is reasonably certain to experience in the future.  In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to Ms. Wexler during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Ms. Wexler is reasonably certain to experience in the future.

- The reasonable value of the medical care and supplies that Ms. Wexler reasonably needed and actually obtained, and the present value  of such care and supplies that Ms. Wexler is reasonably certain to need in the future.

- The reasonable value of legal services that Ms. Wexler reasonably needed and actually obtained to defend and clear herself.

Each plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant.  It is defendants' burden to prove that Ms. Wexler has failed to mitigate.  So if  defendants' persuade you by a preponderance of the evidence that Ms. Wexler failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of Ms. Wexler's damages by the amount that could have been reasonably obtained if she had  taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Instructions Section 1983 (Damages)**

**4.8.2 Section 1983 – Damages – Nominal Damages (Model)**

If you return a verdict for Ms. Wexler but she has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**4.8.3 Section 1983 – Damages – Punitive Damages (Model)**

In addition to compensatory or nominal damages, you may consider awarding Tzvia Wexler punitive damages.  A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. *[Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.]*

You may only award punitive damages if you find that a particular defendant acted maliciously or wantonly in violating Ms. Wexler's federally protected rights.  In this case there are multiple defendants.  You must make a separate determination whether each defendant acted maliciously or wantonly.

•     A violation is malicious if it was prompted by ill will or spite towards the plaintiff.  A defendant is malicious when they consciously desire to violate federal rights of which they are aware, or when they consciously desire to injure the plaintiff in a manner they know to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

•     A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not  that a particular defendant acted maliciously or wantonly in violating Ms. Wexler's federal rights, then you may award punitive damages against that defendant.   However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive

damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that the defendant in question acted maliciously or wantonly in violating Ms. Wexler's federal rights.

If you have found that the defendant in question acted maliciously or wantonly in violating Ms. Wexler's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish a particular defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent a particular defendant from again performing any wrongful acts they may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those a particular defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which a particular defendant should be punished for their wrongful conduct toward Tzvia Wexler, and the degree to which an award of one sum or another will deter a particular defendant or others from committing similar wrongful acts in the future.

**General Instructions For Use at the End of Trial**

**3.1 Deliberations**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions

about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it  in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.