# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER,      Plaintiff, <br><br> v. <br><br> CHARMAINE HAWKINS, et al.,      Defendants. | CIVIL ACTION <br> No. 19-CV-5760-CMR |

## DEFENDANTS' AMENDED PRETRIAL MEMORANDUM

Defendants Officer Charmaine Hawkins, Detective James Koenig, and Corporal Kelly Keenan submit the following amended pretrial memorandum to include previously disclosed potential rebuttal witnesses:

### I. Jurisdictional Statement

This cause of action arises under the United States Constitution, particularly under the provisions of the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

Jurisdiction to preside over allegations of constitutional violations under the Civil Rights Act, Title 42 of the United States Code, Section 1983, is conferred upon this Court under the provisions of Title 28 of the United States Code, Sections 1331, 1334 and 1367(a). The pendant jurisdiction of this Court is invoked over all state court claims.

### II. Statement of the Facts of the Case

On June 9, 2019, Defendant Philadelphia Police Officer Hawkins was assigned to do crowd control at 5th and Market Streets for the Pride Parade. A news camera man approached Officer Hawkins and asked her if she could have Plaintiff move to the sidewalk because she was blocking

his camera's view of the parade. Officer Hawkins approached Plaintiff and told her that she needed to exit the parade route and move her bicycle to the sidewalk; Plaintiff retorted that she did not want to walk on the sidewalk. Plaintiff pushed her bike against Officer Hawkins, who told her not to do that again. Plaintiff jerked her bike back towards the officer, hitting her a second time. Plaintiff then grabbed the officer by her shirt collar. Officer Hawkins attempted to take Plaintiff into custody but was unsuccessful. Bike officers arrived and put handcuffs on Plaintiff. Plaintiff was arrested for assaulting Officer Hawkins, which is a felony offense because of the victim's status as a police officer. Plaintiff was detained for a few hours before she posted bail and was released.

A preliminary hearing was held on July 22, 2019 and a magisterial district judge bound Plaintiff over for trial on Aggravated Assault on Police and Simple Assault. The District Attorney's Office later withdrew all charges and decided not to prosecute Plaintiff—i.e., the criminal prosecution terminated in Plaintiff's favor.

Defendant Detective James Koenig was the detective assigned to investigate the assault on Officer Hawkins. Defendant Corporal Kelly Keenan was assigned to the operations room at the 6th Police District, which covers 5th and Market Street. All paperwork from police officers in the 6th Police District and reviews it for content and completeness. Corporal Keenan had no role in determining whether criminal charges are appropriate.

## III. The Parties' Respective Claims and Defenses

Claims

      Count I –     Section 1983 violation of 4th Amendment (against all defendants)

      Count II –    Section 1983 violation of 1st Amendment (against all defendants)

      Count III –   Section 1983 violation of 14th Amendment (against all defendants)

2

| | | |
|---|---|---|
| Count V[1] – | Assault and Battery under PA Law (against Officer Hawkins only) | |
| Count VI – | False Arrest under PA law (against all defendants) | |
| Count VII – | False Imprisonment under PA law (against all defendants) | |
| Count VIII – | False Light/Invasion of Privacy under PA law (against all defendants) | |
| Count XI – | Section 1983 and PA law Malicious Prosecution (against all defendants) | |
| Count X – | "Retaliatory Prosecution", which Defendants construe as Plaintiff's theory of liability encompassed within her Malicious Prosecution claim, as opposed to a separate and distinct claim. | |

Defenses

Defendants assert that probable cause existed to arrest Plaintiff. Defendants assert that they are immune from liability for the claims under Pennsylvania law (Counts V–X) pursuant to Pennsylvania's Political Subdivision Tort Claims Act and will, additionally, be unable to satisfy her burden to prove these claims. Officer Hawkins asserts that the force she was lawful pursuant to 18 Pa.C.S. § 508(a)(1). And finally, Defendants assert that Plaintiff cannot make out a claim of invasion of privacy/false light for the additional reason that there is no evidence that any of the defendants publicized anything about Plaintiff—a necessary element of the tort—much less anything that portrayed her in a false light.

**IV. Damages Computation or Description of Other Relief Sought**

Plaintiff must supply this information.

---

[1] This list omits Count IV because Court dismissed the municipal liability claim that originally appeared at Count IV.

**V.     Exhibits**[2]

| | |
|---|---|
| D-1 | Complaint or Incident Report (BS-D15) |
| D-2 | Hawkins Use of Force Report |
| D-3 | PPD Investigation Report (75-49) (BS-D4–6) |
| D-4 | Investigation Interview Record (Hawkins) (BS-D8) |
| D-5 | Photo of PO Hawkins injuries (BS-D16) |
| D-6 | Photo of PO Hawkins injuries (BS-D17) |
| D-7 | Photo of PO Hawkins injuries (BS-D18) |
| D-8 | PPD Detainee's Medical Checklist |
| D-9 | Biographical Information Report (BS-D9–10) |
| D-10 | Photograph of Tzvia Wexler dated July 14, 2019 |
| D-11 | Philadelphia Police Department Arrest Report (BS-D12–13) |

Defendants reserve the right to use any and all previously recorded testimony from any witnesses presented by parties. Further, Defendants reserve the right to use exhibits identified by Plaintiff in her pretrial memorandum. Defendants do not waive any objections to the use or admission of any exhibits in whole or in part.

**VI.    List of Intended Witnesses (designated separately for liability and damages)**

1. Defendant Police Officer Charmaine Hawkins, liability.
2. Defendant Detective James Koenig, liability.
3. Defendant Corporal Kelly Keenan, liability.
4. Police Officer Timothy O'Reilly, liability.
5. Custodian of records for PPD's Medical Checklist.
6. Detective John Boyle, PPD Office of Forensic Science, Digital Media Evidence Unit, potential rebuttal witness.

---

[2] This list includes only Defendants' anticipated exhibits. As required, a joint exhibit list will be submitted on August 7, 2023.

7. Sergeant Jay P. Bowen, III, PPD Office of Forensic Science, Digital Media Evidence Unit, potential rebuttal witness.

**VII.   Estimate of Required Trial Time**

Defendants anticipate this trial will take two days.

**VIII.  Special Comments Regarding Stipulations, Amendments of Pleadings or Other Issue**

No additional comments at this time.

Date: August 18, 2023

Respectfully submitted,

*/s/ Michelle V. Barone*
Michelle V. Barone
Pa. Attorney ID No. 318237

Jonah Santiago-Pagán
Pa. Attorney ID No. 326442

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5217 (phone)
michelle.barone@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, <br>                 Plaintiff, <br>    v. <br> CHARMAINE HAWKINS, et al., <br>                 Defendants. | CIVIL ACTION <br> No. 19-CV-5760-CMR |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the date below, Defendants' Amended Pretrial Memorandum was filed via the Court's electronic filing system and is available for downloading.

Date: August 18, 2023

Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
jonah.santiago-pagan@phila.gov