IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, | : |
|     Plaintiff | : |
| | :   CIVIL ACTION |
| v. | : |
| | :   No. 19-CV-5760-CMR |
| CHARMAINE HAWKINS, et al., | : |
|     Defendants | : |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Plaintiff Tzvia Wexler submits the following Pretrial Memorandum:

**I.  Jurisdictional Statement**

This cause of action arises under the United States Constitution, particularly under the provisions of the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

Jurisdiction to preside over allegations of constitutional violations under the Civil Rights Act, Title 42 of the United States Code, Section 1983, is conferred upon this Court under the provisions of Title 28 of the United States Code, Sections 1331, 1334 and 1367(a). The pendant jurisdiction of this Court is invoked over all state court claims.

**II.  Statement of the Facts of the Case**

While returning to her apartment from her synagogue on June 9, 2019 by her usual route, Tzvia Wexler encountered a parade coming down Market Street. She was directed by a Philadelphia Police Officer to proceed west on Market and cross over at the next intersection; in the process of so doing, she encountered Defendant Hawkins.

Ms. Wexler first became aware of Defendant Hawkins when Defendant Hawkins was shouting something about Channel 6 cameras at her. Ms. Wexler tried to explain she was simply acting as directed by another Officer. When Ms. Wexler gestured down toward where the other Officer was and mentioned that she was being told different things, the Defendant grabbed her with both hands around Ms. Wexler's neck. Ms. Wexler tried to get loose and other officers came and got Defendant Hawkins off of Ms. Wexler.

Ms. Wexler was told to sit on a sidewalk as multiple officers convened. After she told the officers that she had been choked, Ms. Wexler was placed under arrest on trumped-up, false charges. She was handcuffed and put into a Police van in front of the Parade crowd. She was detained, fingerprinted, photographed, and placed in a cell. But she had done nothing wrong. In fact, it was Police Officer Hawkins who had done something wrong. She knew that Philadelphia Police Directives prohibited Officers from choking citizens. She knew that Ms. Wexler was the actual victim. So she made up a story that turned the tables and landed Ms. Wexler in a jail cell.

In the Police paperwork, Defendant Hawkins claimed injuries that were non-existent. She received no medical treatment and later admitted under cross-examination that she was not injured. She claimed actions on the part of Ms. Wexler that did not occur. She falsely claimed that Ms. Wexler hit her with her bicycle. That never happened. There were no marks on Defendant Hawkins' body consistent with being hit with a heavy bicycle. What really happened was that Defendant Hawkins choked Ms. Wexler and caused Ms. Wexler to be arrested falsely.

As Ms. Wexler was being detained by Police, she was relieved to see that Officer Hawkins was wearing a body camera. That would show that she had done nothing wrong. That she was attacked by Defendant Hawkins. Of course, according to Defendant Hawkins' story, she did not record the interaction with Ms. Wexler as required by the Philadelphia Police Directives.

After the Preliminary Hearing where only Defendant Hawkins testified, all charges—including the top charge of felony aggravated assault against a police officer—were dropped.

**III.     The Parties' Respective Claims and Defenses**

| | |
|---|---|
| Count I | Section 1983 violation of 4th Amendment (against all defendants) |
| Count II | Section 1983 violation of 1st Amendment (against all defendants) |
| Count III | Section 1983 violation of 14th Amendment (against all defendants) |
| Count V | Assault and Battery under PA Law (against Officer Hawkins only) |
| Count VI | False Arrest under PA law (against all defendants) |
| Count VII | False Imprisonment under PA law (against all defendants) |
| Count VIII | False Light/Invasion of Privacy under PA law (against all defendants) |
| Count IX | Section 1983 and PA law Malicious Prosecution (against all defendants) |
| Count X | Retaliatory Prosecution (against all defendants) |

**IV.     Damages Computation or Description of Other Relief Sought**

Plaintiff seeks compensatory damages in an amount determined to be just, fair, and reasonable, along with punitive damages. No loss of wage claim is asserted. Plaintiff had to spend monies to defend herself against the bogus criminal charges levied by Defendants.

**V.     Exhibits**

Complaint or Incident Report re: Injured Officer (BS-D19)
Complaint or Incident Report re: Assault on Police (BS-D7)
Hawkins Use of Force Report
PPD Investigation Report (75-49) (BS-D4–6)
PPD PARS (BS D12–13)
Investigation Interview Record (Hawkins) (BS-D8)
Photo of PO Hawkins injuries (1) (BS-D16)
Photo of PO Hawkins injuries (2) (BS-D17)
Photo of PO Hawkins injuries (3) (BS-D18)
PPD Detainee's Medical Checklist
Biographical Information Report (BS-D9–10)
Photograph of Tzvia Wexler dated July 14, 2019
Hawkins Use of Force Report
PPD Investigation Report (75-49) (BS-D4–6)

Photo of Tzvia Wexler's Injuries (1)
Photo of Tzvia Wexler's Injuries (2)
Photo of Bike Police Officer (1)
Photo of Bike Police Officer (2)
Photo of Bike Police Officer (3)
Photo of Wexler Bicycle
Pride Day Orders (5 pages) (BS-D22)
PPD Directive 1
PPD Directive 4.21
PPD Directive 10.2

Plaintiff reserves the right to use any and all previously recorded testimony from any witnesses presented by parties. Further, Plaintiff reserves the right to use exhibits identified by Defendant in their pretrial memorandum. Plaintiff does not waive any objections to the use or admission of any exhibits in whole or in part.

**VI.**    **List of Intended Witnesses**
1. Plaintiff Tzvia Wexler, liability/damages
2. David Wexler, liability/damages
5. Defendant Police Officer Charmaine Hawkins, liability
6. Defendant Detective James Koenig, liability
7. Defendant Corporal Kelly Keenan, liability
8. Police Officer Timothy O'Reilly, liability

**VII.**    **Estimate of Required Trial Time** – One week

Date: December 21, 2023                       Respectfully submitted,

                                                         /s/ Thomas Malone
                                                         Thomas Malone, Esq.
                                                         Attorney ID No. 77291
                                                         The Malone Firm, LLC
                                                         1650 Arch Street, Suite 2501
                                                         Philadelphia, PA 19103
                                                         tmalone@themalonefirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TZVIA WEXLER, | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 19-CV-5760-CMR |
| CHARMAINE HAWKINS, et al., | : | |
|     Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, Plaintiff's Pretrial Memorandum was served upon all parties via the Court's electronic filing system.

Date:   December 21, 2023                          Respectfully submitted,

                                                               /s/ Thomas Malone
                                                               Thomas Malone, Esq.
                                                               Attorney ID No. 77291
                                                               The Malone Firm, LLC
                                                               1650 Arch Street, Suite 2501
                                                               Philadelphia, PA 19103
                                                               tmalone@themalonefirm.com