IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CHARMAINE HAWKINS, et al.<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 19-5760 |

**ORDER**

**AND NOW,** this 8th day of January 2024, upon consideration of the parties' oral representations during a final pretrial conference held on December 21, 2023 [Doc. No. 67], and consistent with the parties' joint stipulation entered by the Court on December 8, 2023 [Doc. No. 69], it is hereby **ORDERED** that the claims against the City of Philadelphia Police Department only are **DISMISSED WITH PREJUDICE**.[1] The Clerk of Court is directed to **TERMINATE** the City of Philadelphia Police Department as a Defendant in this case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[1] The parties' joint stipulation amended the case caption "to reflect Charmaine Hawkins and James Koenig as the only remaining defendants." Stipulation, Dec. 28, 2023 [Doc. No. 69]. As discussed with the parties during the December 21, 2023 pretrial conference, the City of Philadelphia Police Department ("PPD") has never been an active party in this case. No counsel has entered an appearance for the PPD, and no party objects to its termination.

The Court observes separately that terminating the PPD as a Defendant is consistent with this Court's previous Order dismissing Plaintiff's claims against the City. Order, Feb. 19, 2020 [Doc. No. 5]. After the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), courts have concluded that a police department, as a sub-unit of the local government, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie*, 834 F. Supp. 873, 878–79 (W.D. Pa. 1993). Therefore, although the Court need not address the issue here, the relevant precedent indicates that a municipality may be liable under § 1983, but a police department, as a mere sub-unit of the municipality, may not. *Id.*; *see also Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997).