IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TZVIA WEXLER, : | |
|     Plaintiff : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 19-CV-5760-CMR |
| CHARMAINE HAWKINS, et al., : | |
|     Defendants : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION FOR ATTORNEY'S FEES**

Plaintiff Tzvia Wexler respectfully submits this Memorandum of Law in support of her Petition for Attorney's Fees in this matter.

**STATEMENT OF FACTS**

The facts relevant to this matter are contained in Plaintiff's Petition for Attorney's Fees and Attorney Thomas Malone's Declaration in Support of Plaintiff's Petition for Attorney's Fees. In sum, Plaintiff seeks a total of $313,835.22 in attorney's fees and costs incurred in the underlying litigation.

**ARGUMENT**

**A. Ms. Wexler Was the Prevailing Party**

"[I]n order to qualify for attorney's fees under § 1988, a plaintiff must be a 'prevailing party.'" *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "'[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Id., quoting *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983). After analyzing its previous cases, the Supreme Court in Farrar explained that:

> to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement. . ... Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Farrar*, 506 U.S. at 111-12.

Through the jury verdict and judgment in Ms. Wexler's favor and against defendants Charmaine Hawkins and James Koenig, regardless of the pretrial dismissal of claims against other originally named defendants, the legal relationship between the parties was changed, and those defendants must compensate Ms. Wexler. Ms. Wexler is therefore the 'prevailing party' in this litigation, entitling her to an award of attorney's fees under 42 U.S.C. § 1988.

**B. The 'Lodestar' Proposed Is Reasonable.**

In awarding attorneys' fees pursuant to 42 U.S.C. § 1988, "'[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *City of Riverside v. Rivera*, 477 U.S. 561 (1986), quoting *Hensley v. Eckerhart*, supra, 461 U.S. at 433. This figure is known as the "lodestar," and constitutes the accepted "reasonable fee" under § 1988.

Mr. Malone, attorney for Ms. Wexler throughout the course of the litigation in this matter, along with his paralegal has a lodestar of $294,734.75, plus costs of $8941.47, plus $10,150.00 involved in the preparation of the Petition for Attorney's Fees. (Plaintiff's Petition ¶ 6).

Plaintiff submits that this lodestar is reasonable. In *Lanni v. New Jersey*, 259 F.3d 146 (3d Cir. 2001), the court held that in awarding attorneys' fees "the current market rate must be used" (*Lanni*, 259 F.3d at 149). It also states that the "current market rate is the rate at the time of the fee petition, not the rate at the time services were performed." Id. *Lanni* quoted with approval *Rode v. Dellareiprete*, 892 F.2d 1177 (3d Cir. 1990), and its explanation that basing the fee petition on current rates is premised on a theory of "delay compensation." Lanni, at 149-50.

First, the hourly rate is reasonable for an attorney of Mr. Malone's experience in the Philadelphia area. Second, the time spent is properly documented. Since the requested lodestar is based on a reasonable rate for properly documented time, it is itself reasonable, and Ms. Wexler should be fully compensated for her attorney's time.

## CONCLUSION

For the reasons stated herein and in the accompanying Petition and Declaration, Plaintiff respectfully rquests that this Court award costs and attorney's fees in the total amount of $313,835.22.

Date:  February 16, 2024	Respectfully submitted,


	/s/ Thomas Malone
	Thomas Malone, Esq.
	Attorney ID No. 77291
	The Malone Firm, LLC
	1650 Arch Street, Suite 2501
	Philadelphia, PA 19103
	tmalone@themalonefirm.com