IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TZVIA WEXLER, | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 19-CV-5760-CMR |
| CHARMAINE HAWKINS, et al., | : | |
|     Defendants | : | |

**DECLARATION OF THOMAS MALONE, ESQ. IN SUPPORT OF PLAINTIFF TZVIA WEXLER'S PETITION FOR ATTORNEY'S FEES**

THOMAS MALONE, ESQ. hereby declares as follows:

1. I am a member of the Bar of this Court and am the attorney for the Plaintiff, Tzvia Wexler, in this matter. I submit this declaration in support of her Petition for an award of costs and attorney's fees in this case.

Procedural History of This Case

2. On December 6, 2019, Ms. Wexler commenced this action pursuant to 42 U.S.C. §1983. The parties engaged in pretrial discovery, document discovery, depositions, and other informal discovery and investigation. There were seven (7) depositions taken, five (5) of which were taken by Ms. Wexler's counsel. Defendant Hawkins was deposed twice. A large number of documents were exchanged, including documents that were turned over in the middle of depositions. For instance, Defendant Hawkins' Use of Force Report was not disclosed by the defense until the middle of Defendant Hawkins' deposition. This required additional preparation and repetition of tasks. Additionally, Defendant Hawkins, as she did at trial, refused to answer questions directly, was combative with counsel, and asked over and over for things to be repeated. She interrupted

counsel and forced the repeating of questions, prolonging her depositions and making the summary of her deposition more time-consuming. We participated in three (3) settlement conferences with Magistrate Judge Wells.

3. Of the original Defendants named in Plaintiff's Complaint, Plaintiff proceeded to trial against Defendants Charmaine Hawkins and James Koenig. Defendant City of Philadelphia was dismissed upon Defendants' Motion, which Motion the Plaintiff neither contested nor spent any time in contesting. All claims against Defendant Kelly Keenan were dismissed by the stipulation of all parties; the time spent in discovery and deposition was nevertheless necessary, as she was called as a witness for the Defendants at trial.

4. Plaintiff retained the same attorney for her civil rights case as she had retained for her criminal case, which saved countless hours of preparation, as the attorney on her civil case did not need to "learn" the criminal case, consult with and/ or depose Ms. Wexler's criminal attorney. Additionally, the civil case attorney was already well-versed with Defendant Hawkins' criminal case testimony and other aspects of the malicious prosecution of Ms. Wexler.

5. Plaintiff had only one attorney on her civil case, whereas the defendants were represented by four government attorneys. Before trial counsel for the government (Mssrs. Kane and Santiago-Pagana) became involved, the case was handled by Ms. Shannon Zabel and Ms. Megan Claiborne, both seasoned and experienced litigation counsel. Ms. Wexler retained a lawyer in Philadelphia who was able to analyze the case's issues not only as a former Assistant District Attorney who reviewed and approved cases like this in the DAO's Charging Unit, but who also has criminal defense and plaintiff-side civil rights experience. Ms. Wexler's attorney has extensive experience with Philadelphia Police, cases involving use of force, and Philadelphia/Pennsylvania criminal procedure issues.

6. I normally see at least a second plaintiff's attorney to try a federal civil rights case. Because of the large number of witnesses and legal issues in this case, and the many counts upon which the defendants were successfully sued, the use of a second attorney at trial could have easily been necessary. To keep track of documents, transcripts, exhibits, and sometimes newly unearthed body-camera footage, the use of a paralegal to help keep me organized and for other tasks was therefore essential. Because the defense utilized two attorneys during pre-trial posture of this case and two additional attorneys for the trial of this case, I do not anticipate that they will challenge Ms. Wexler's use of one lawyer and one paralegal. The itemized hours for trial preparation and the actual trial of this matter could be double what they are now if Ms. Wexler reasonably chose to have two attorneys at trial as the government did.

7. There were discovery motions. There were motions in limine which were briefed by the defendants' lawyers. There were motions to compel depositions. There were witnesses (primarily on damages) with whom plaintiff's counsel consulted and met with during pendency of the case who were not called at trial. Many of those potential witnesses attended the trial of this case.

8. The trial was conducted on January 16, 2024 through January 24, 2024.

9. New documents were handed to Plaintiff *during the trial*—documents which had never been produced or referred to before. For instance, records related to the body-worn cameras at the 2019 Pride Parade were handed to plaintiff only **after** her attorney had opened and after her testimony had concluded.

10. On January 24, 2024, the jury returned a verdict in Ms. Wexler's favor on all counts, in the amount of $6,000 in compensatory damages against all defendants, $500,000 in punitive damages against defendant Hawkins, and $500,000 in punitive damages against defendant Koenig for a total of $1,006,000.

11. Ms. Wexler is the prevailing party in this litigation, and, pursuant to 42 U.S.C. §1988, she now moves for an award of costs and attorney's fees.

12. I spent 385.25 hours at a rate of $725, for a total of $279,306.25. I attach hereto as Exhibit A a record of my time spent on this case. Paralegal Chris McInerney spent 123.5 hours at $125.00 per hour on this case, for a total of $15,437.50. (I attach hereto as Exhibit B a record of Mr. McInerney's time spent on this case). Ms. Wexler's attorney's lodestar for the underlying litigation is thus $294,734.75.

13. Plaintiff incurred $8,736.57 in costs in this matter. I attached hereto as Exhibit C a record of costs in this matter.

14. I also spent an additional 14 hours at $725.00 per hour in preparation of the fee petition and related papers, for an additional $10,150. The total costs and fees thus far[1] incurred is $313,835.22.

15. We will address any further arguments by defendants in reply papers.

Ms. Wexler's Attorney's Hourly Rates

16. My normal hourly rate is $725.00 per hour. It will go up to $775.00 per hour later this year, when I hit my 30th year in practice.

17. For the Court's information, I am a 1994 graduate of Temple University School of Law, where I interned at the US Attorney's Office for EDPA and graduated with Honors. I spent my first 10+ years in practice as a prosecutor, the last three as a Homicide Unit prosecutor in the Philadelphia District Attorney's Office under Lynne Abraham. This is where I began my education in constitutional issues and litigation. I moved to Saltz Mongeluzzi Barrett & Bendesky where I

---

[1] Plaintiff may seek additional fees for work required in reply papers to any response to this Motion, as well as to any post-trial Motions Defendants may file.

continued to hone trial and litigation skills, and later founded my current firm, which is known for trial work. I have handled thousands of cases and tried over 100 jury trials.

Mr. McInerney's Hourly Rate

18.     With respect to Mr. McInerney, his normal rate is $125 per hour. Mr. McInerney holds a Paralegal Certification from Villanova University and has worked for me as a legal assistant/paralegal for eight years. His hourly rate is appropriate for someone of his experience and high skill level.

The Community Legal Services Chart of Hourly Rates

19.     Attached hereto as Exhibit D is the current Attorney Fee rates chart of Community Legal Services for attorneys with different amounts of experience for civil rights cases in Philadelphia. For attorneys with more than 25 years' experience, like me, hourly rates are between $735 and $830 per hour. Thus, my rate of $725 is well below the market rate for attorneys with similar years of experience and probably low for attorneys who have tried well over 100 jury trials.

Conclusion

20.     I respectfully request that Plaintiff's Petition be granted, and that she be awarded costs and attorney's fees in the amount of $313,835.22.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of February, 2024.

/s/ Thomas Malone
Thomas Malone, Esq.
Attorney ID No. 77291
The Malone Firm, LLC
1650 Arch Street, Suite 2501
Philadelphia, PA 19103
tmalone@themalonefirm.com

# EXHIBIT A

| Date | Description | Hours |
|---|---|---|
| 11/29/19 | Precomplaint meeting w/client; review crim docket | 2.5 |
| 12/3/19 | Work on Complaint; legal research | 2.25 |
| 12/4/19 | Work on Complaint; legal research; scene visit w/client | 3 |
| 12/5/19 | Work on Complaint; legal research | 5.5 |
| 12/6/19 | Work on Complaint; legal research | 3.25 |
| 12/10/19 | Research & review re: TV footage | 2.5 |
| 1/6/20 | Call w/6ABC GenCounsel re: TV footage | 0.5 |
| 1/10/20 | Review defendant Answer to Complaint + research | 3.5 |
| 3/3/20 | Prep Rule 26 conf | 3 |
| 3/4/20 | Rule 26 Conf | 1.5 |
| 6/17/20 | Prepare discovery requests to defs | 3.25 |
| 6/18/20 | Prepare discovery requests to defs | 4 |
| 6/19/20 | Prepare discovery requests to defs | 6 |
| 8/3/20 | Research re: Phila Police Directives; review def discovery | 3 |
| 8/4/20 | Review def discovery | 2.25 |
| 8/12/20 | Prepare responses to defs discovery reqs | 2.5 |
| 8/13/20 | Prepare responses to defs discovery reqs | 4.25 |
| 8/18/20 | Draft settlement conf memo | 3.5 |
| 8/25/20 | Settlement conf | 1 |
| 8/25/20 | Deposition prep | 4 |
| 8/26/20 | Deposition prep; PO Hawkins deposition | 6.5 |
| 12/8/20 | Deposition prep, doc review | 4.75 |
| 12/9/20 | Deposition prep; PO Hawkins deposition (cont) | 4.5 |
| 2/12/21 | Deposition prep | 4.25 |
| 2/15/21 | Meet w/client re deposition prep; document review | 6.25 |
| 2/16/21 | Depositions (Tzvia Wexler, PO O'Reilly) | 9.5 |
| 2/17/21 | Draft motion to compel discovery | 1.25 |
| 2/19/21 | Review def motion to compel | 1 |
| 3/1/21 | Draft resp to def motion to compel | 1.5 |
| 3/23/21 | Conference re discovery motions; conf prep | 1.75 |
| 4/15/21 | Deposition prep; deposition (def Det Koenig) | 6 |
| 4/27/21 | Meet w/client & husband re dep prep; document review | 2.25 |
| 4/28/21 | Depositions (PO Keenan, D. Wexler) + prep | 6.5 |
| 2/27/23 | Review docket and case materials | 0.5 |
| 3/2/23 | Discussions w/def atty re Status Report | 0.25 |
| 3/3/23 | Review and discussions w/def counsel re: joint letter | 0.75 |
| 3/10/23 | Emails w/def counsel re settlement conf | 0.25 |
| 3/22/23 | TC status conference w/Judge Rufe; prep for conf | 1.5 |
| 4/13/23 | Discussions w/client re settlement conf | 0.25 |
| 8/6/23 | Draft pretrial memo | 2.5 |
| 8/7/23 | Draft pretrial memo | 2.25 |
| 8/10/23 | TC status conference w/Judge Rufe; prep for conf | 3.5 |
| 8/10/23 | Emails w/def counsel re medical records | 0.25 |
| 8/10/23 | Email w/Majistrate Judge re settlement conf | 0.25 |

| Date | Description | Hours |
|---|---|---|
| 8/10/23 | Trial prep | 7 |
| 8/11/23 | Trial prep | 9.25 |
| 8/12/23 | Trial prep | 8.25 |
| 8/13/23 | Trial prep | 6.5 |
| 8/14/23 | Trial prep | 10.5 |
| 8/15/23 | TC status conference w/Judge Rufe re postponement | 0.5 |
| 8/22/23 | Prep for Settlement Conf | 2.5 |
| 8/23/23 | Settlement conf w/Magistrate Judge | 1.5 |
| 12/18/23 | Review MiLs | 4.5 |
| 12/19/23 | Review MiLs, work on pretrial memo | 5 |
| 12/20/23 | Correspondence w/Judge Rufe re trial | 0.25 |
| 12/21/23 | Pretrial Conference | 0.5 |
| 12/28/23 | Discussions w/def counsel re Def PO Keenan | 0.25 |
| 1/3/24 | Trial prep | 8.25 |
| 1/4/24 | Document review; trial prep | 9 |
| 1/5/24 | Document review, trial prep | 6.5 |
| 1/8/24 | Trial prep | 7.25 |
| 1/9/24 | Review exhibits | 1.5 |
| 1/9/24 | Emails & TC w/def counsel re witness availability, joint exhibits | 0.5 |
| 1/10/24 | Trial prep | 9.25 |
| 1/10/24 | Prep stipulation re directives, discussions w/def counsel re stips | 4.5 |
| 1/11/24 | Trial prep | 7.25 |
| 1/12/24 | Trial prep; video review | 12.75 |
| 1/14/24 | Trial prep; video review | 8.25 |
| 1/15/24 | Trial prep | 7.5 |
| 1/16/24 | Trial/Jury selection | 14.5 |
| 1/17/24 | Trial | 12.5 |
| 1/18/24 | Trial | 14.75 |
| 1/19/24 | Trial | 16 |
| 1/20/24 | Prep/research/doc review | 8.5 |
| 1/21/24 | Prep/research/doc review | 7.5 |
| 1/22/24 | Trial | 13.5 |
| 1/23/24 | Trial | 16 |
| 1/24/24 | Trial | 13.5 |
| | **TOTAL** | **385.25** |
| 2/14/24 | Work on Fee Petition | 5.5 |
| 2/15/24 | Work on Fee Petition | 5.5 |
| 2/16/24 | Work on Fee Petition | 3 |
| | **FEE PETITION TOTAL** | **14** |

# EXHIBIT B

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 12/3/19 | Precomplaint Research | 2.5 |
| 12/4/19 | Precomplaint Research | 4.75 |
| 12/6/19 | Complaint preparation | 3.25 |
| 6/17/20 | Discovery draft support | 2.5 |
| 6/18/20 | Discovery draft support | 1.25 |
| 8/10/20 | Discovery response support | 1.75 |
| 8/11/20 | Discovery response support | 1 |
| 8/3/21 | Defense discovery review | 4 |
| 8/4/21 | Defense discovery review | 2.75 |
| 12/9/21 | Deposition support/prep; review of prior dep transcript | 3.5 |
| 2/16/21 | Deposition support/prep | 3.25 |
| 4/15/21 | Deposition support/prep | 1.5 |
| 4/28/21 | Deposition support/prep | 3 |
| 8/7/23 | Pretial memo draft support | 2.5 |
| 8/11/23 | Deposition transcript review | 5.5 |
| 8/12/23 | Deposition transcript review | 3.25 |
| 8/13/23 | Document review | 2.5 |
| 12/17/23 | Research MiL issues | 2.25 |
| 1/4/24 | Document review | 3 |
| 1/5/24 | Document review | 5 |
| 1/8/24 | Document review; exhibit prep | 6.5 |
| 1/9/24 | Prepared exhibits | 2.5 |
| 1/10/24 | Prepared exhibits; draft stipulation support | 5.25 |
| 1/12/24 | Reviewed video | 6.5 |
| 1/13/24 | Reviewed video/prepared summary | 7.5 |
| 1/15/24 | Prepared video for exhibition | 5.5 |
| 1/16/24 | Trial support | 4.25 |
| 1/17/24 | Trial support | 6 |
| 1/18/24 | Trial support | 6.5 |
| 1/19/24 | Trial support; jury instruction research | 7.5 |
| 1/22/24 | Trial support | 6.5 |
| | **TOTAL** | **123.5** |

# EXHIBIT C

| DATE | PURPOSE | COST |
|---|---|---|
| 12/6/19 | Filing Fee (Initial Complaint) | $400.00 |
| 8/26/20 | Deposition of PO Hawkins | $509.60 |
| 12/9/20 | Deposition of PO Hawkins II | $728.00 |
| 2/16/21 | Deposition of PO O'Reilly | $503.20 |
| 4/15/21 | Deposition of Det Koenig | $663.65 |
| 4/28/21 | Deposition of PO Keenan | $194.20 |
| 1/12/24 | BWC Video Transcription | $204.90 |
| 1/16/24 | Lexitas Trial Technian - Trial Day 1 | $1,199.70 |
| 1/17/24 | Lexitas Trial Technian - Trial Day 2 | $1,251.30 |
| 1/18/24 | Lexitas Trial Technian - Trial Day 3 | $1,251.30 |
| 1/19/24 | Lexitas Trial Technian - Trial Day 4 | $1,122.30 |
| 1/23/24 | Lexitas Trial Technian - Trial Day 5 | $913.32 |
|  | **TOTAL** | $8,941.47 |

# EXHIBIT D

Center City Office: 1424 Chestnut St. Phila, PA 19102    North Philadelphia Law Center: 1410 W. Erie Avenue Phila, PA 19140     SEARCH

   HOME |  SERVICES |  SPECIAL PROJECTS |  NEWS & ISSUES |  ABOUT | HIDE MY VISIT | DONATE

# ATTORNEY FEES

Home / About CLS / Attorney Fees

**EXPLANATORY NOTICE TO THE PUBLIC**

CLS never charges attorney's fees to its clients, although in some cases clients are asked to pay for court filing fees or other out of pocket expenses.

The attached chart lists the fee schedule used by CLS only in cases in which the law allows for the award of attorney's fees from opposing parties in order to compensate CLS for the legal services provided to its clients.

RANGE OF HOURLY RATES*, Effective January 19, 2023

| | |
|---|---|
| Attorneys post-law school experience under 2 years | $235-260 |
| Attorneys 2-5 year's experience | $265-315 |
| Attorneys 6-10 year's experience | $320-415 |
| Attorneys 11-15 year's experience | $420-525 |
| Attorneys 16-20 year's experience | $535-625 |
| Attorneys 21-25 year's experience | $630-715 |
| Attorneys more than 25 year's experience | $735-850 |
| Law Students | $140-190 |
| Paralegal 1-10 years experience | $190-240 |
| Senior and Supervisory Paralegal | $245-285 |

*These rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm market survey data and increases in the Consumer Price Index.

**THESE FEES ARE NOT CHARGED TO CLS CLIENTS. SEE NOTICE ABOVE.**